GAUTHIER v MAYO

(GAUTHIER v WICKES CORPORATION)

1. PRODUCTS LIABILITY—DUTY OF MANUFACTURER—CAUSAL CONNECTION.

A manufacturer has a duty to place into the stream of commerce products free of defects and reasonably fit for the use intended, anticipated or reasonably foreseeable; liability attaches if there is a causal connection between a defect and a resultant injury or damage.

2. PRODUCTS LIABILITY—CAUSE OF ACTION—NEGLIGENCE—PRIVITY.

A consumer has a cause of action directly against a manufacturer for economic loss resulting from a defective product where the defect is attributable to the manufacturer, without proving negligence and without regard to privity.

3. DAMAGES—PRODUCTS LIABILITY—LOSS OF BARGAIN.

The monetary damages most frequently allowed in a products liability case where no personal injury is involved are for loss of the bargain, such as the cost of the defective goods, or the difference between the value the goods would have had if they had been free of defect and their value in their defective condition, or the difference between the price paid and the value received.

4. PRODUCTS LIABILITY—DAMAGES—REMEDIES—UNIFORM COMMERCIAL CODE—SUBSTANTIAL JUSTICE—COURT RULES.

A judgment of a trial court awarding to plaintiffs the purchase price of a defective modular home and ordering the defendant manufacturer to remove the home from the plaintiffs' property,

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 63 Am Jur 2d, Products Liability §§ 4, 123, 124, 189.
Products liability: Strict liability in tort. 13 ALR3d 1057.
[3, 4] 22 Am Jur 2d, Damages §§ 138, 139.
63 Am Jur 2d, Products Liability §§ 140, 141.
[4] 63 Am Jur 2d, Products Liability § 8.
Liability of builder-vendor or other vendor of new dwelling for loss, injury, or damage occasioned by defective condition thereof. 25 ALR3d 383.

although based upon violation of the Uniform Commercial Code rather than upon a products liability theory, is a substantially equivalent remedy to that which might have been awarded under a products liability approach and will not be disturbed because it is not inconsistent with substantial justice (GCR 1963, 529.1).

Appeal from Alpena, Philip J. Glennie, J. Submitted June 6, 1977, at Grand Rapids. (Docket No. 28415.) Decided August 22, 1977.

Complaint by Vernon C. Gauthier and Geraldine Gauthier against James A. Mayo and Wickes Corporation for rescission of a purchase agreement on a modular home, removal of the home from plaintiffs' property, refund of the amount paid, and damages. James A. Mayo was discharged from liability by stipulation of the parties. Judgment for plaintiffs. Wickes Corporation appeals. Affirmed.

*Jason, Kowalski, Pugh & Poch,* for plaintiffs.

*Gillard, Bauer & Mazrum,* for defendant Wickes Corporation.

Before: R. B. BURNS, P. J., and D. E. HOLBROOK and M. B. BREIGHNER,* JJ.

M. B. BREIGHNER, J. James A. Mayo erected on plaintiffs' property a modular home manufactured by Wickes Corporation. Mayo was a dealer in Wickes modular homes, but was not a Wickes representative and had no franchise with Wickes.

Plaintiffs claim this modular home is defective, rendering it uninhabitable. They seek rescission of the purchase agreement, removal of the home from their property, refund of the amount paid Mayo, and damages.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Following the institution of suit, Mayo was discharged from liability by stipulation of the parties because of bankruptcy.

The trial court, after a bench trial, found the modular home uninhabitable because of defects attributable to Wickes. A judgment was given plaintiffs, ordering Wickes to remove the modular home from plaintiffs' land, and awarding plaintiffs the purchase price paid plus interest and costs. The trial court grounded relief upon revocation of acceptance under the Uniform Commercial Code.

We agree with the trial court decision.

## PRODUCTS LIABILITY

We do not see this case as one for revocation of acceptance under the Uniform Commercial Code or one of equitable rescission. In our view, this case should be analyzed in terms of product liability law.

The underlying rationale of a product liability claim is that the manufacturer has a duty to place into the stream of commerce products free of defects and reasonably fit for the use intended, anticipated or reasonably foreseeable. If there is a causal connection between the defect and the resultant injury or damage, liability attaches. *Piercefield v Remington Arms Co, Inc,* 375 Mich 85, 98–99; 133 NW2d 129, 135 (1965), *Dooms v Stewart Bolling & Co,* 68 Mich App 5; 241 NW2d 738 (1976), *Cova v Harley Davidson Motor Co,* 26 Mich App 602, 615; 182 NW2d 800, 808 (1970).

A consumer has a cause of action directly against a manufacturer for economic loss resulting from a defective product, when said defect is attributable to the manufacturer, without proving

negligence and without regard to privity. *Cova, supra* at 609; 182 NW2d at 804.

The trial court's findings of (a) defects attributable to Wickes and (b) uninhabitability are amply supported by the record. There is no doubt that the modular home, intended for plaintiffs' habitation, was unsuitable for this purpose. There exists no question that plaintiffs have proven a product liability claim against Wickes.

## Relief

We turn to an examination of the relief to which plaintiffs are entitled. In *Cova, supra* at 619; 182 NW2d at 810, the Court stated:

"The monetary damages most frequently allowed are for loss of the bargain, *e.g.*, the cost of the defective goods [presumably where the plaintiff has returned the goods to the manufacturer, or the defective goods have no salvage value], or the difference between the value the goods would have had if they had been free of defect and their value in their defective condition, or the difference between the price paid and the value received." (Footnote omitted.)

Had the trial court considered this case in terms of product liability, damages awarded under the proofs might well have consisted of the purchase price paid less salvage value of the home. *Cf. Weeks v Slavik Builders, Inc,* 24 Mich App 621, 629; 180 NW2d 503, 507 (1970), *Santor v A & M Karagheusian, Inc,* 44 NJ 52, 68–69; 207 A2d 305, 314 (1965).

The trial judge reached a substantially equivalent result by awarding plaintiffs the purchase price paid and ordering Wickes to take possession

of the defective modular home. We decline to disturb this judgment since it is not inconsistent with substantial justice. GCR 1963, 529.1.

The lower court properly awarded plaintiffs interest on the amount of their judgment from the date of the filing of their complaint. MCLA 600.6013; MSA 27A.6013.

Affirmed, costs to plaintiffs.