AUTO-OWNERS INSURANCE COMPANY v CHRYSLER
CORPORATION

Docket No. 61811. Submitted December 14, 1982, at Detroit.—Decided
September 26, 1983.

Arthur and Virginia King purchased a used motor home from
Sheller-Globe Corporation—Superior Coach Division. The motor
home was sold by Sheller-Globe "as is, where is". The motor
home was built on a chassis built by Chrysler Corporation with
a body built and attached to the chassis by Sheller-Globe. The
motor home suffered fire damage to the extent of $16,179.50,
allegedly as a result of a fuel system malfunction. The Kings'
insurer, Auto-Owners Insurance Company, paid the claim and,
as subrogee of the Kings, brought an action to recover that loss
in Wayne Circuit Court against Chrysler Corporation and
Sheller-Globe Corporation. Plaintiff's three-count complaint
against Chrysler alleged negligence, breach of express and
implied warranties arising under the Uniform Commercial
Code, and strict liability. Chrysler moved for summary judg-
ment as to all three counts. The trial court granted defendant
Chrysler's motion. Plaintiff appeals. *Held:*

1. Where, as here, there is no contractual relationship be-
tween the purchaser and the manufacturer, the purchaser may
properly maintain an action for negligence against the manu-

REFERENCES FOR POINTS IN HEADNOTES

[1] 63 Am Jur 2d, Products Liability § 173.
 Privity of contract as essential to recovery in negligence action
 against manufacturer or seller of product alleged to have caused
 injury. 74 ALR2d 1111.
[2] 63 Am Jur 2d, Products Liability §§ 163, 164.
 Construction and effect of UCC Art 2, dealing with sales. 17 ALR3d
 1010.
[3] 63 Am Jur 2d, Products Liability § 218.
[4] 63 Am Jur 2d, Products Liability §§ 4, 123, 189.
 Products Liability, strict liability in tort. 13 ALR3d 1057.
[5] 63 Am Jur 2d, Products Liability §§ 94, 122.
 Construction and effect of affirmative provision in contract of sale
 by which purchaser agrees to take article "as is," in the condition
 in which it is, or equivalent term. 24 ALR3d 465.
[6] 63 Am Jur 2d, Products Liability §§ 110, 114.

facturer for damages arising out of a malfunction of the goods made by the manufacturer even if there is no allegation of a personal injury or damage to property other than the subject goods. Accordingly, the trial court erred in granting summary judgment on the negligence count.

2. The trial court erred in granting summary judgment on the strict liability count, since, while labeled strict liability, the theory pled was implied warranty, a theory of recovery which is recognized in Michigan.

3. The trial court did not err in granting summary judgment on the Uniform Commercial Code count, since there was no allegation of a contractual relationship between the plaintiff's insureds and defendant Chrysler Corporation such as would make Chrysler liable under the warranties contained in the Uniform Commercial Code.

Affirmed in part, reversed in part and remanded.

DANHOF, C.J., dissented. He would hold that the trial court properly granted summary judgment on the negligence and strict liability counts but erred in granting summary judgment as to the Uniform Commercial Code warranties count.

## OPINION OF THE COURT

1. PRODUCTS LIABILITY — NEGLIGENCE — PRIVITY OF CONTRACT.

An insurance company, as subrogee of its insureds, may maintain an action for negligence against the manufacturer of goods where there is no contractual relationship between the insured and the manufacturer, even though the only damages relate to the goods themselves and there is no allegation of a personal injury or damage to property other than to the subject goods themselves.

2. PRODUCTS LIABILITY — UNIFORM COMMERCIAL CODE — SALES — WARRANTIES — PRIVITY OF CONTRACT.

An insurance company, as subrogee of its insureds, may not maintain an action against a manufacturer of goods based on the expressed and implied warranties contained in the sales section of the Uniform Commercial Code where there was not a contractual relationship between its insureds and the manufacturer of the goods.

## DISSENT BY DANHOF, C.J.

3. PRODUCTS LIABILITY — NEGLIGENCE — PLEADING — COURSE OF ACTION — SALE OF GOODS.

*A complaint against the manufacturer of goods for damages*

*arising from the malfunction of purchased goods does not state a cause of action for negligence where there is no allegation of personal injury or damage to property other than the goods themselves; the buyer's rights in such a case are limited to those provided by the Uniform Commercial Code irrespective of whether there is vertical privity of contract between the buyer and the manufacturer of the goods.*

4. PRODUCTS LIABILITY — THEORIES OF RECOVERY — STRICT LIABILITY.
   *Strict liability in products liability cases is not recognized as a theory of recovery in Michigan.*

5. SALES — IMPLIED WARRANTIES — MANUFACTURERS OF GOODS.
   *The sale of goods "as is" will operate to exclude all implied warranties between the seller and the buyer but does not operate to extinguish any implied warranties which may be attributable to the manufacturer where the seller making the conditional sale is not the manufacturer.*

6. SALES — IMPLIED WARRANTIES — MANUFACTURERS OF GOODS.
   *A buyer's action for breach of implied warranty against the manufacturer of the goods is direct and does not depend on the existence of a contract between the manufacturer and the buyer.*

*Davies, Rudzki & Bremer, P.C.* (by *Seymour Cherny*), for plaintiff.

*Taylor & Braun, P.C.* (by *Thomas J. Manganello*), for Chrysler Corporation.

Before: DANHOF, C.J., and J. H. GILLIS and H. E. DEMING,* JJ.

H. E. DEMING, J. In this products liability case, plaintiff's subrogors purchased a used motor home, the chassis of which was manufactured by defendant Chrysler Corporation (hereinafter Chrysler) and the body of which was manufactured and attached to the chassis by defendant Sheller-Globe

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Corporation—Superior Coach Division (hereinafter Sheller-Globe). Sheller-Globe is not a party to this appeal.

When Sheller-Globe sold the motor home to plaintiff's subrogors, its invoice stated, among other things, "AS IS WHERE IS—NO WARRANTY AGREEMENT".

On August 11, 1977, allegedly as the result of a fuel feed system malfunction, the motor home suffered fire damage for which plaintiff paid its subrogors $16,179.50.

To recover its loss, plaintiff brought its three-count complaint alleging: Count I, defendant Chrysler was negligent; Count II, defendant Chrysler breached the express and implied warranties arising under the Uniform Commercial Code, MCL 440.1101 *et seq.;* MSA 19.1101 *et seq.;* and, Count III, defendant Chrysler is liable on the basis of strict liability.

Defendant Chrysler's motion for summary judgment on all three counts was granted by the trial court and plaintiff brings this appeal. We reverse the trial court's order of summary judgment as to Counts I and III and affirm as to Count II.

The trial court recognized that defendant Chrysler was not the party which directly contracted with plaintiff's subrogors, but the trial court believed *McGhee v GMC Truck & Coach Division, General Motors Corp,* 98 Mich App 495; 296 NW2d 286 (1980), was controlling because there was only damage to the product itself. Therefore, it granted defendant's motion for summary judgment as to Counts I and III. In *McGhee* the plaintiff purchased a defective vehicle from the defendant and complained in one of his counts of defendant's negligence. This Court affirmed the trial judge's order of summary judgment and stated:

"We agree that no cause of action is stated in the complaint, where the foundation of the relationship between the parties is contractual and no personal injury or damage to property other than the subject goods themselves is alleged." *McGhee, supra,* p 505.

The rationale behind this holding is that it would be unfair to allow a contracting party to nullify the terms of the UCC where the only injury is to the property purchased and is caused by the condition of that property. This rationale fails when there is no contractual relationship between the parties. It thus appears that the UCC has no relevancy in a case, such as the instant case, in which a consumer brings a claim against a manufacturer for damage to its product which the consumer purchased from someone other than the manufacturer.

*Spence v Three Rivers Builders & Masonry Supply, Inc,* 353 Mich 120; 90 NW2d 873 (1958), is not unlike the instant case. In *Spence,* the purchaser, who was not in privity with the defendant manufacturer of defective cement blocks, was permitted to bring an action for the negligent manufacture of the blocks. In *Spence,* the Court quoted from 46 Am Jur, Sales, § 812, 1957 supp, p 48:

" 'Under the modern doctrine there is little doubt that a person who has had no direct contractual relations with a manufacturer may nevertheless recover from such manufacturer for damages to property caused by the negligence of the manufacturer in the same manner that such a remote vendee or other third person can recover for personal injuries.' " *Spence, supra,* pp 133-134.

We conclude that the trial court erred in relying upon *McGhee* in granting defendant Chrysler sum-

mary judgment as to Counts I and III.[1] We remand
for further proceedings relating to these counts.

The trial court did not err in granting acceler-
ated judgment to defendant Chrysler on Count II,
the claim for breach of UCC warranties. We inter-
pret the trial judge's opinion as holding that plain-
tiff's subrogors and defendant Chrysler did not
have a contractual relationship and therefore de-
fendant could not be liable for breach of warran-
ties arising under the UCC for damage to the
product. We agree that no UCC warranty arose in
favor of plaintiff and against defendant Chrysler.
*McGhee, supra.*

Affirmed in part, reversed in part and remanded
for further proceedings consistent with this opin-
ion.

J. H. GILLIS, J., concurred.

DANHOF, C.J. *(dissenting).* In *McGhee v GMC
Coach & Truck Division, General Motors Corp,* 98
Mich App 495, 505; 296 NW2d 286 (1980), we held
that, where a suit by an aggrieved buyer alleges
injury which consists of damages to the goods
themselves, the buyers' sole remedies are those
which are provided in the Uniform Commercial
Code. MCL 440.2313; MSA 19.2313 thru MCL
440.2315; MSA 19.2315. Although *McGhee, supra,*
involved a case in which a contractual relationship
existed between the plaintiff and defendant, I do
not believe that the holding in *McGhee, supra,*
should be limited to only those cases in which the
relationship between the parties is contractual. In
*Piercefield v Remington Arms Co, Inc,* 375 Mich

---

[1] Although Count III is labeled strict liability, plaintiff apparently
equates the cause of action with implied warranty, a theory recog-
nized in Michigan. Plaintiff should be left to its proofs and argument
on this count.

85, 98; 133 NW2d 129 (1965), the Supreme Court held that in a breach of warranty action it is unnecessary to establish vertical privity of contract between the manufacturer and purchaser. The rule stated in *Piercefield, supra,* applies even where the loss is solely economic. *Cova v Harley Davidson Motor Co,* 26 Mich App 602; 182 NW2d 800 (1970). The adoption of the Uniform Commercial Code did not alter those decisions. See Official UCC Comment to § 2-318; *Cova, supra.* Therefore, since the protections of the Uniform Commercial Code exist even where a remote seller is the named defendant, I am of the opinion that plaintiff's negligence claim should be barred for the reasons stated in *McGhee, supra.*

Even assuming that *McGhee, supra,* does not bar plaintiff's negligence claim, I cannot agree with the majority's conclusion that the trial court erred by dismissing plaintiff's strict liability claim. Strict liability has not been recognized as a viable theory of recovery in Michigan. *Johnson v Chrysler Corp,* 74 Mich App 532, 535; 254 NW2d 569 (1977); *Hartford Fire Ins Co v Walter Kidde & Co, Inc,* 120 Mich App 283, 291; 328 NW2d 29 (1982).

Finally, I am of the opinion that the trial court erred by dismissing plaintiff's breach of warranty claim. I am in agreement with the trial court's conclusion that the use of the language "as is" in the contract entered into between the seller and plaintiff's subrogors operated to exclude all implied warranties given by the seller to plaintiff. MCL 440.2316; MSA 19.2316; *McGhee, supra.* However, I do not believe that the inclusion of that language in the sales agreement plaintiff's subrogors entered into with the seller operated to exclude the implied warranties given by defendant Chrysler, the manufacturer.

A purchaser's cause of action for breach of implied warranty against the manufacturer is direct and does not depend on the existence of a contract between the manufacturer and the purchaser. *Cova, supra; Gauthier v Mayo,* 77 Mich App 513, 515-516; 258 NW2d 748 (1977). I perceive no cogent reason for permitting a manufacturer to avoid a breach of warranty claim merely by resorting to language contained in an agreement to which it was not a party and in which there was no reference to the agreement.

I do not mean to suggest by the foregoing that a seller may never include language in its contract with the purchaser excluding a manufacturer's implied warranties. However, the agreement entered into between the seller and plaintiff did not contain such an exclusion.

I would affirm the trial court's decision with respect to the negligence claim and the strict liability claim. I would reverse and remand for trial on the breach of warranty claim.