Charles SYLLA, Plaintiff,

v.

MASSEY–FERGUSON INC., Defendant.

Civ. A. No. 80–CV–30029 PH.

United States District Court,
E.D. Michigan, S.D.

Sept. 25, 1984.

Dennis M. Day, Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, Detroit, Mich., for plaintiff.

Ronald R. Pawlak, P.C., Birmingham, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JAMES HARVEY, District Judge.

Plaintiff brought this action seeking to recover damages from the defendant because a farm tractor purchased from EMC, Inc., a dealer in farm equipment, allegedly did not perform properly. This matter was previously referred to United States Magistrate, Harvey D. Walker as Special Master. Magistrate Walker conducted a hearing on the matter in October, 1982. Upon defendant's objection to the Magistrate's recommendation, the Court vacated the recommendation of the Magistrate/Special Master and placed the case on this Court's docket for further proceedings. The matter is now before the Court on the following motions:

(1) Defendant's motion for summary judgment;

(2) Defendant's motion for pre-trial status conference.

The Court will address each of these motions in the order listed above.

### I. *Defendant's Motion for Summary Judgment*

Defendant contends that summary judgment should be granted pursuant to F.R. Civ.P. 56 because (1) plaintiff has failed to establish that the alleged defect came into existence before it left defendant's hands; (2) the Michigan statute of limitations for warranty has run; (3) the express warranty given to and accepted by the plaintiff excluded inconsistent implied warranties; (4) the express warranty given to plaintiff specifically excluded consequential damages. Plaintiff in a rather untimely response (see Local Rule 17(g)) maintains that (1) plaintiff did not read any documents regarding a warranty until 6 months after the sale; (2) defendant has waived a statute of limitations defense; and (3) plaintiff's damages included damage to other property, i.e., his crops. In support of his position, plaintiff maintains that he should be allowed to proceed under a product liability-negligence theory despite this Court's earlier determination that "under Michigan law, parties suffering direct and consequential economic loss may not proceed against the manufacturer under product liability theories." In addition, plaintiff characterizes his suit as one including claims based upon "negligence, UCC and common law implied warranty."

■ Having reviewed the file in this matter as well as the briefs and supporting case law the Court will address the issues necessary for a determination in this matter, below.

### A. *Negligence-Product Liability Claim*

The Court determined in the February 13, 1984 Memorandum Opinion and Order in this matter that Michigan law comports with the majority rule in not permitting tort actions in cases of pure economic loss. Therefore, the Court concluded that: "under Michigan law, a party suffering direct and consequential economic loss may not proceed against the manufacturer under product liability theories. The Uniform Commercial Code provides the source of a plaintiff's rights when he suffers pure economic loss." The Court does not believe this position has been altered by the decision in *Auto-Owners Insurance Company v. Chrysler Corporation,* 129 Mich.App. 38, 341 N.W.2d 223 (1983). The Court finds *Auto-Owners Insurance* distinguishable on the basis of the facts present in the instant case, particularly as to the application of the warranty provided by defendant. In addition, the Court finds its prior view on this issue supported by the Michigan Court of Appeals decision in *A.C. Hoyle Company v. Sperry Rand Corp.,* 128 Mich.App. 557, 340 N.W.2d 326· (1983).

Plaintiff's argument that crop loss constitutes property damage is not persuasive. Any damage to the crops would constitute consequential damage based on the tractor's alleged malfunction preventing plaintiff from planting the crops. As such, any effect on the crops or crop loss would be economic and consequential because the product did not harm the crops themselves.

Based upon the Court's findings noted above plaintiff may not proceed on a negligence-product liability theory in this case.

### B. *UCC Application and the Statute of Limitations*

Plaintiff has made claims pursuant to provisions of the Michigan Uniform Commercial Code covering warranties. Defendant has asserted that plaintiff's UCC claims are barred by the 4-year statute of limitations contained in M.S.A. § 19.-2725(2); M.C.L.A. § 440.2725(2). Plaintiff maintains that defendant has waived the statute of limitations defense by failing to assert it in the answer pursuant to FR Civ.P. 8(c).

The Court finds that although defendant should have asserted such a defense in the answer pursuant to Rule 8, the Courts have allowed such a defense at later stages, before trial, either by amendment pursuant to Rule 15 or by

motion. *See Pierce v. County of Oakland,* 652 F.2d 671 (6th Cir.1981); *Estes v. Kentucky Utilities Co.,* 636 F.2d 1131 (6th Cir.1980); *Woods v. City of Dayton, Ohio,* 574 F.Supp. 689 (S.D.OH 1983). In the instant case, defendant raised this defense in March, 1982, as an amendment to a summary judgment motion and again before Magistrate Walker before the Magistrate held a hearing on the matter. The Magistrate appears to have overlooked the defense and defendant now raises it again in this motion.

The tractor at issue in this matter was delivered on April 24, 1976, with the express warranty provided. The lawsuit was filed on May 20, 1980. Since more than 4 years passed before the case was filed and no exception or tolling period is applicable to the facts in this case, the Court finds the statute of limitations has run and plaintiff has no cause of action pursuant to the UCC. M.S.A. § 19.2725; M.C.L.A. § 440.2725. *See also Holdridge v. Heyer-Schulte Corp.,* 440 F.Supp. 1088 (SD NY 1977); *Centennial Insurance v. General Electric,* 74 Mich. App. 169, 253 N.W.2d 696 (1977).

### C. *Common Law Implied Warranty Claim*

Plaintiff maintains that he has asserted a claim based upon a theory of common law implied warranty. Although this claim is not readily apparent in plaintiff's complaint the Court will address the claim assuming that plaintiff has or could properly assert it. Defendant has argued that the express warranty given plaintiff in this case by the dealer, clearly disclaimed any implied warranties.

The UCC specifically provides that an express warranty may exclude any implied warranties. M.S.A. § 19.2316; M.C.L.A. § 440.2316. The statute provides that such a disclaimer or exclusion must be clear and conspicuous. *Id.* The Court has already established above that the UCC applies to the instant case. In addition, the Court finds that the express warranty provided to the plaintiff by the dealer for defendant on April 24, 1976, clearly and conspicuously excluded all other warranties, express or implied, including any warranties of merchantability and fitness. Plaintiff has admitted under oath that he read and understood the warranty upon signing for and accepting the product. Thus, the Court must conclude that any common law implied warranty claim in this matter is barred by defendant's warranty disclaimer pursuant to the provisions of the UCC.

The Court does not find it necessary to address each issue raised in defendant's motion because the issues addressed are determinative. For the reasons stated above, defendant's motion for summary judgment is GRANTED.

### II. *Defendant's Motion for Pre-trial Status Conference*

Defendant's motion for pre-trial status conference has been rendered moot by the Court's decision to grant summary judgment. Accordingly, defendant's second motion is DENIED.

### III. *Conclusion*

For the reasons set forth above, the Court rules as follows:

(1) Defendant's motion for summary judgment is GRANTED;

(2) Defendant's motion for pre-trial status conference is DENIED as moot.

Accordingly, this case is hereby DISMISSED.

IT IS SO ORDERED.