802 F.2d 458
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James McCARTHY, Plaintiff-Appellant,
v.
CHURCH'S FRIED CHICKEN, INC., Defendant-Appellee.
 No. 85-1397.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1986.
 
 Before KENNEDY and BOGGS, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-Appellant, James McCarthy, an employee of Church's Fried Chicken, Inc. ("Church's"), was at a Church's outlet different from the one where he was normally employed, when he slipped and fell. NIcCarthy both sued Church's and filed a Michigan Worker's Compensation claim. Church's did not raise the exclusive a remedy provision of the Michigan Worker's Compensation Disability Act in either its Answer or in its Amended Affirmative Defenses. Church's did, however, raise that defense in a motion for summary judgment. McCarthv responded to the motion by contending that Church's had waived the defense by failing to raise it in its pleadings, and McCarthy moved to stay the proceedings pending the outcome of the hearing before the Michigan Worker's Compensation Bureau ("Bureau"). The district court granted the motion to stay. The Bureau held a hearing, ruled that McCarthy was injured in the course of his employment with Church's, and granted his application for worker's compensation benefits. The district court subsequently granted Church's motion for summary judgment. McCarthy moved the district court to reconsider, and the motion was denied. McCarthy now appeals to this court from the order granting summary judgment.
 
 
 2
 On appeal, McCarthy contends that Church's waived the worker's compensation defense because it is an affirmative defense that Church's failed to raise it in its responsive pleadings. Fed.R.Civ.P. 8(c). We need not determine here whether the worker's compensation defense is an affirmative defense under Fed. R. Civ. P. 9(c) which may be be waived by the failure to raise it in a responsive pleading, because we hold that, under the circumstances of this case, Church's has not waived the defense, even if it is an affirmative defense. McCarthy was well aware of the defense, having initiated the worker's compensation action, and Church's raising the defense in its motion for summary judgment did not prejudice McCarthy's ability to respond to the defense, see Pierce v. Count of Oakland, 652 F.2d 671 (6th Cir.1981); Sylla v. Masse-Ferguson, Inc., 595 F.Supp. 590 (E.D.Mich.1984); Church's did not "lie behind the log." See Bettes v. Stonewalll Ins. Co., 480 F.2d 92, 94 (5th Cir.1973). Accordingly, we AFFIRM the order of the district court.