**OHIO CASUALTY INSURANCE COMPANY, Plaintiff**

v.

**VERMEER MANUFACTURING CO., et al., Defendants.**

**Civil Action No. 3:02CV–721–H.**

United States District Court, W.D. Kentucky, At Louisville.

Jan. 12, 2004.

Walter J. Swyers, Jr., Louisville, KY, William N. Clark, Cozen & O'Connor, Philadephia, PA, for Plaintiff.

Catherine Stivers Purdy, Christopher R. Cashen, Woodward, Hobson & Fulton, Lexington, KY, David N. Lutz, Bowman & Brooke, Minneapolis, MN, Ronald Craig Reinhardt, Reinhardt & Associates PLC, Lexington, KY, for Defendants.

## MEMORANDUM OPINION

HEYBURN, Chief Judge.

This is a subrogation action premised upon products liability in which the only damages are to the product itself. Defendant, Vermeer Manufacturing Company, ("Vermeer") has moved for summary judgment against the Plaintiff, Ohio Casualty Company, on the grounds that the economic loss rule and the absence of priority bar all claims. The economic loss rule does bar most of Plaintiff's claims. However, for the time being, Plaintiff retains its breach of warranty claim.

### I.

The facts of this case are straightforward. Vermeer manufacturers and supplies heavy machinery, including the model TG520 tub grinder. Demolition Disposal Services, Inc. ("Demolition") purchased such a tub grinder from the co-defendant, Vermeer Sales and Servicing, Inc. ("Vermeer Sales") in July 2002. Plaintiff provided property insurance for Demolition. Concurrent with the sale, Vermeer issued a one-year warranty to Demolition. The warranty guaranteed that the tub would be free from defects for one-year from the date of purchase.

Less than a month after purchase, a fire broke out in the tub grinder causing its complete destruction. Pursuant to its policy of insurance, Plaintiff reimbursed Demolition for the damage to the tub grinder. Plaintiff's present claims against Vermeer are premised on its right of subrogation. As subrogee, Plaintiff asserts all Demoli-

tion's claims against Vermeer. In other words, Plaintiff is seeking reimbursement from Vermeer for the cost of the tub by "stepping into the shoes" of Demolition. Plaintiff claims Vermeer misrepresented the product and breached its warranty to Demolition by manufacturing a defective product. The only damage sustained by Plaintiff is the payment of insurance proceeds to Demolition as to the cost of the tub.

### II.

Kentucky's highest court has yet to clearly adopt the economic loss doctrine. *See Custom Products, Inc. v. Fluor Daniel Canada,* Inc., 262 F.Supp.2d 767, 775 (W.D.Ky.2003)(comparing the results in *Falcon Coal Co. v. Clark Equip. Co.,* 802 S.W.2d 947 (Ky.App.1990), where the economic loss doctrine was applied, and *Real Estate Marketing, Inc. v. Franz,* 885 S.W.2d 921 (Ky.1994), where the court did not limit recovery under products liability to damage of property other than the product itself). Nevertheless, several federal courts, including the Sixth Circuit and this Court, have predicted that Kentucky's Supreme Court would apply the economic loss doctrine in a variety of commercial circumstances. *See, e.g., Mt. Lebanon Personal Care Home Inc. v. Hoover Universal Inc.,* 276 F.3d 845, 849 (6th Cir. 2002); *Miller's Bottled Gas, Inc. v. Borg–Warner Corp.,* 955 F.2d 1043, 1050 (6th Cir.1992); *Gooch v. E.I. Du Pont de Nemours & Co.,* 40 F.Supp.2d 863, 876 (W.D.Ky.1999); *Bowling Green Municipal Utilities v. Thomasson Lumber Co.,* 902 F.Supp. 134 (W.D.Ky.1995). The Court sees no reason to change this prediction.

The economic loss rule permits recovery for damages to property other than the product purchased but denies recovery for damage to the product itself. *See Hoover,* 276 F.3d at 849; *see also*

*Gooch,* 40 F.Supp.2d at 863. The rule applies when parties engage in complex commercial endeavors, in order to preserve parties' abilities to distribute risks via contract, warranty, and insurance. *See generally Hoover,* 276 F.3d at 851. The rule applies whenever the purchasing party has the opportunity to allocate the risk of loss via contract or warranty. *Id.* at 852.

Three policies support applying the doctrine to commercial transactions: 1) it maintains the historical distinction between tort and contract law;[1] 2) it protects parties' freedom to allocate economic risk by contract;[2] and 3) it encourages the party best situated to assess the risk of economic loss, typically the purchaser, to assume, allocate, or insure against that very risk. *Id.* at 848; *see also Thomasson,* 902 F.Supp. at 136–37. "[T]ort law is well-suited to redressing injuries to persons or property, contract law is well-suited to distributing the risk of economic loss." *Hoover,* 276 F.3d at 851.[3]

■ Plaintiff concedes that the tort claims under strict liability and negligence are precluded as a matter of law by the economic loss doctrine. The Court can see no reason that the doctrine should apply differently to a misrepresentation claim. A number of other cases agree. The Eighth Circuit, in *Maynard Cooperative Co. v. Zeneca, Inc.,* 143 F.3d 1099 (8th Cir.1998), applied the economic loss doctrine policy to a misrepresentation claim, concluding that the same policies which support its application in strict liability and negligence also apply to misrepresentation. *See Maynard,* 143 F.3d at 1102. It said that because misrepresentation is essentially the defendant failing to meet the plaintiff's commercial expectations, which were covered by a warranty, and because the plaintiff was seeking purely economic loss, the doctrine should apply. *Id.* at 1102–1103. The same analysis can be applied in the current case.

Similarly, in *General Elec. Comp. v. Latin American Imports, S.A.,* 214 F.Supp.2d 758 (W.D.Ky.2002), Judge Simpson held that the economic loss rule barred the distributor's claim based on fraudulent in-

---

1. "Where tort law, primarily out of a concern for safety, fixes the responsibility for a defective product directly on the parties responsible for placing the product into the stream of commerce, contract law gives the parties to a venture the freedom to allocate risk as they see fit. Were there no economic loss rule, 'contract law [might] drown in a sea of tort.'" *See Mt. Lebanon Personal Care Home Inc. v. Hoover Universal Inc.,* 276 F.3d 845, 848 (6th Cir.2002)(citing *East River Steamship Corp. v. Transamerica Delaval Inc.,* 476 U.S. 858, 866, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986)).

2. "Contract and warranty law foster stability in the commercial setting. The certainty that comes with negotiating terms of a bargain allow parties to act in accordance with their expectations. Permitting recovery for economic losses in tort destroys this certainty and, in essence, extricates the parties from their negotiation." *See Bowling Green Municipal Utilities v. Thomasson Lumber Co.,* 902

F.Supp. 134, 138 (W.D.Ky.1995) (citations omitted).

3. The rationale of the economic loss doctrine is that the U.C.C. and contract law is the proper body of law to provide recovery. *See Gooch v. E.I. Du Pont de Nemours & Co.,* 40 F.Supp.2d 863, 875 (W.D.Ky.1999). The remedy provisions of the U.C.C. are designed to place a party in the position he would have been in had the contract been performed are a better form of recovery for economic losses. *Id.* at 876. Many cases discuss the distinction of tort law and contract law and the importance of this doctrine keeping the two separated in a commercial setting. *See Thomasson,* 902 F.Supp. at 136 (discussing the purpose of tort law being to protect society's members from harm, contract law and warranties to ensure the performance of promises, and products liability to establish responsibilities between consumers and manufacturers).

ducement. "[W]e clarify that where the alleged fraudulent misrepresentation is inseparable from the essence of the parties' agreement, the economic loss rule applies and the parties are limited to pursuing their rights in contract." *Latin American Imports,* 214 F.Supp.2d at 762. Framing a misrepresentation claim as a fraudulent inducement claim does not prevent applying the economic loss doctrine, especially when the alleged misrepresentation was about the heart of the parties agreement. *Id.*

Consistent with prior predictions and the policies which support the rule, the Court concludes that the economic loss doctrine also applies to the tort of misrepresentation.

## III.

■ The injury suffered here, the failure of the product to function properly, is the essence of a warranty action because the contracting party can recoup the benefit of its bargain. *See East River,* 476 U.S. at 868, 106 S.Ct. 2295. The parties dispute the existence and possible waiver of the claim express and implied warranties asserted in this case. Those issues cannot be revolved on summary judgment. The Court can determine, however, that the economic loss rule does not apply to warranty claims.

Not surprisingly, the Court cannot find any published Kentucky cases establishing that the economic loss rule is inapplicable to warranty claims.[4] Common sense, however, compels the answer that it does not apply. The essence of a warranty is to offer repayment for damage to the product itself premised on the implicit bargain between buyer and seller. For the economic loss rule to apply to warranty claims would effectively end all warranty.

The Court finds that the economic loss rule would not bar Demolition's warranty claim against Vermeer nor Plaintiff's similar claim in subrogation.

## IV.

■ Vermeer nevertheless argues that Plaintiff's warranty claims are barred because Plaintiff lacks privity with Vermeer. Plaintiff asserts privity based on its status as the subrogee of Demolition, which does have privity with Vermeer. For the reasons that follow, the Court concludes that Plaintiff may "step into the shoes" of Demolition's warranty claim despite its lack of privity with Vermeer.

■ The general rule is that upon payment of a loss, the insurer is subrogated pro tanto to any right of action which the insured may have against a third person whose negligence or tortuous act caused the loss. *See Employers Mut. Liability Ins. Co. of Wis. v. Griffin Const. Co.,* 280 S.W.2d 179, 181 (Ky.1955). "The insurer's right of subrogation against third persons causing the loss paid by the insurer to the insured does not rest upon any relation of contract or privity between the insurer and such third person, but arises out of the contract of insurance and is derived from the insured alone." *Id.* (citing 29 Am.Jur., Insurance, Sections 1335 and 1336).

■ The doctrine of subrogation is one of substitution and may be invoked whenever one satisfies the obligation of another

---

4. In a recent unpublished decision, however, the Kentucky Court of Appeals reaffirmed its application of the economic loss doctrine as a bar to recovery in tort for economic losses relating to a product's failure, where there is not the kind of harm which public policy requires manufacturers to protect independent of contractual obligation. *See Williams v. Volvo–White,* 2003 WL 22681457 (Ky.App. 2003). The court held damages were limited to those recoverable under the terms of the warranty. *Id.*

for which a third party is responsible. *See id.* at 182. As the insurer and subrogee of Demolition, Plaintiff may bring any and all claims Demolition may have against Vermeer for manufacturing and/or selling it a possibly defective tub grinder. Just as Plaintiff was able to bring the other tort claims, but for the economic loss doctrine, Plaintiff can bring the contractual claim on the warranty. As a matter of status, a subrogee is entitled to all the claims of its insured as well as being saddled with all the defenses available against it. While Plaintiff takes no greater rights than its insured, the Court can see no policy as a rule of law that would consign it to take fewer rights.

■ Vermeer argues that K.R.S. 355.2–318 sets out the third party beneficiaries of warranties, express or implied, and that it alone can extend liability beyond those persons in privity of contract. However, that statute concerns only those who may adopt another's privity by operation of statute. The statute says nothing which would change the longstanding rule of subrogees adopting the attributes, both positive and negative of their insureds.[5]

Although no Kentucky cases speak directly on this issue, other states' cases prove helpful. In *Hawkeye–Security Ins. Comp. v. Ford Motor Co.*, 174 N.W.2d 672, 675 (Iowa 1970), the Iowa Supreme Court held that although the vendor/warrantor does not owe any direct duty to the insurer of its vendee under the doctrine of implied warranty of fitness, a duty was owed because of his status as subrogee. "[T]he insurer-subrogee of the purchaser-user is not a mere member of the general public and may assert the claims of its subrogor." *Id.* at 676. Similarly, in *Auto Owners Ins. Co. v. Chrysler Corp.*, 129 Mich.App. 38, 341 N.W.2d 223 (1983), the court held that an insurer could not recover from the manufacturer on the theory of breach of warranty when there was no contractual relationship between the insured/buyer and the manufacturer. Again, the insurer's right to sue was derivative from the insured's and was not limited because of the insurer's own lack of privity with the manufacturer. *See also Caskey v. Olympic Radio and Television*, 343 F.Supp. 969 (D.C.S.C.1972). The Court agrees with the discussion in these cases.

■ In fact, many cases and commentary about the U.C.C. indicate subrogation applying concurrently with various U.C.C. provisions. *See First Alabama Bank of Birmingham v. Hartford Acc. & Indem. Co., Inc.*, 430 F.Supp. 907 (N.D.Ala.1977)(stating that the U.C.C. protects only "contract rights," not rights that arise by operation of law, and therefore, a surety is not required under the Code to file financing statements in order to preserve its rights to equitable subrogation); *see also Stevlee Factors, Inc. v. State*, 136 N.J.Super. 461, 346 A.2d 624 (1975)(holding that the U.C.C. has not abolished equitable doctrine of subrogation); *The French Lumber Co. v. Commercial Realty & Finance Co.*, 346 Mass. 716, 195 N.E.2d 507 (1964)(holding that the U.C.C. does not purport to affect the fundamental equitable doctrine of subrogation); *Mid–Conti-*

---

**5.** Vermeer cites cases which discuss the statutory expansion of the right to sue under a warranty when privity does not exist between the plaintiff and the defendant. *See Williams v. Fulmer*, 695 S.W.2d 411(Ky.1985)(discussing that if liability for personal injury or property is based on the sale of a product, it can be extended beyond those persons in privity of contract only by a provision of Kentucky's Uniform Commercial Code, such as K.R.S. § 355.2–318). This statutory issue is completely irrelevant to the legal issue here. Here, the issue concerns Plaintiff's *legal* status as a subrogee. This *legal* status allows Plaintiff to step into Demolition's shoes and assert its claims.

*nent Cas. Co. v. First Nat. Bank & Trust Co. of Chickasha,* 531 P.2d 1370. (Okla.1975)(stating that the U.C.C. does not abrogate, modify, affect or abridge equitable doctrine of subrogation, and a surety is not required to file under the Code to preserve its priority under equitable right of subrogation); *Argonaut Ins. Co. v. C and S Bank of Tifton,* 140 Ga.App. 807, 232 S.E.2d 135 (1976)(holding that the U.C.C. does not abrogate, modify, affect or abridge equitable doctrine of subrogation). K.R.S. 355.2–318 affects subrogation by expanding the number of subrogees who may sue under a warranty on behalf of a larger group of individuals without having privity, but in no way limits the doctrine. Therefore, Plaintiff can sue Vermeer under the warranty despite lack of privity because it is the subrogee of Demolition.[6]

The Court will enter an order consistent with this opinion.

### ORDER

The Court has considered Defendant's motion for summary judgment and has issued a Memorandum Opinion. Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is SUSTAINED to the extent that Plaintiff's claims based on negligence, strict liability and misrepresentation are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment as to the warranty claims are DENIED.

Therefore, Plaintiff retains claims for breach of express warranty against Vermeer Manufacturing and breach of implied warranty against Vermeer Sales and Services.

---

6. It is not clear to the Court if Vermeer Sales, the co-defendant, also submitted a motion for summary judgment as to the misrepresentation and breach of warranty claims. However, the same rules of law and analysis apply to Vermeer Sales as do to Vermeer.