KRUPP PM ENGINEERING, INC v HONEYWELL, INC

Docket No. 147162. Submitted August 3, 1994, at Detroit. Decided March 6, 1995, at 9:00 A.M.

Krupp PM Engineering, Inc., brought an action in the Washtenaw Circuit Court against Honeywell, Inc., seeking damages resulting from the defendant's installation of a defective part in the plaintiff's furnace. The jury returned a verdict for the plaintiff and the court, Melinda Morris, J., entered a judgment thereon. The defendant appealed.

The Court of Appeals *held:*

1. The trial court erred in submitting for the jury's determination whether the warranty language on the customer service invoice given to the plaintiff was conspicuous or unconscionable. The trial court should have made the determinations, but the error does not require reversal because the language of the warranty was not conspicuous and could not have been applied in this case.

2. The warranty failed in its essential purpose because the plaintiff was deprived of its furnace for eighteen months and it was not fixed completely for three years.

3. Sufficient evidence supported the plaintiff's claim that the component parts sold by the defendant were defective. The plaintiff's evidence regarding proximate cause was sufficient to justify submitting the issue of future damages to the jury.

4. The trial court correctly recognized that the Uniform Commercial Code's statute of limitations governed this action. Because the jury found for the plaintiff with regard to both its contract and negligence theories and the trial court ruled that the contract claim was determinative, merged the negligence claim into the contract claim to avoid duplicating damages, and entered a judgment with regard to the contract theory alone, the defendant's arguments regarding the statute of limitations for the negligence claim are without merit.

REFERENCES

Am Jur 2d, Contracts §§ 339, 748.

Comment Note.—Contractual provision as to remedy as excluding other possible remedies. 84 ALR2d 322.

5. There was no clerical error involving the verdict forms. Affirmed.

1. CONTRACTS — ACTIONS — WARRANTIES.

The decision in a contract action whether the contract's warranty language is conspicuous or unconscionable is for the trial court's determination (MCL 440.1201[10], 440.2302; MSA 19.1201[10], 19.2302).

2. CONTRACTS — REMEDIES — WARRANTIES.

A buyer is entitled to pursue other remedies, even where a valid limitation of liability in a warranty exists, where the seller takes too long to complete the repairs or replacements promised in the warranty.

*Butzel Long* (by *Robert F. Magill, Jr.*), for the plaintiff.

*Feikens, Vander Male, Stevens, Bellamy & Gilchrist, P.C.* (by *Roger L. Wolcott*), for the defendant.

Before: TAYLOR, P.J., and CONNOR and M. J. CALLAHAN,[*] JJ.

CONNOR, J. Defendant appeals as of right from a judgment for plaintiff in the amount of $220,480, plus interest, costs, and attorney fees, following a jury trial. The basis of plaintiff's case was that defendant had installed a defective part in the controller that monitored plaintiff's furnace. We affirm.

Joseph Krupp and his wife owned plaintiff corporation, which manufactured compact metal parts from powdered metal by heating the parts in a large furnace. Inside plaintiff's furnace was a temperature sensor called a thermocouple that worked with a microprocessor to enable a person to ascertain the internal temperature of the furnace. After speaking with a service and repair agent for defendant, Joseph Krupp arranged for

---

[*] Circuit judge, sitting on the Court of Appeals by assignment.

the agent to change the thermocouple from an "S" range card to a "W" range card, because the "W" card worked at higher temperatures and would allow processing of lower-alloy steels.

In May of 1985, the agent installed the "W" card and replaced the microprocessor in plaintiff's furnace. The agent gave Krupp a customer service invoice for the parts, which included warranties and disclaimers. The invoice was signed by Joseph Krupp and dated May 23, 1985. Plaintiff immediately began to experience problems with the controller's accuracy in the form of erroneous temperature readings. As a result of the furnace being too hot or not hot enough, a larger percentage of the parts produced were too brittle and weak to be used.

Plaintiff's problems did not abate until December of 1986, when defendant's agent removed the controller in order to repair it. A different range card and a temporary controller were installed, and in the spring of 1988, the agent returned plaintiff's repaired controller and also replaced the input/output (i/o) board. The agent opined that the i/o board had been the problem all along. Plaintiff experienced no further problems with the controller. However, by 1987, one of plaintiff's chief customers had ceased buying parts from plaintiff because of poor quality.

At trial, the trial court presented SJI2d 140.44 and SJI2d 140.45 to the jury.[1] On appeal, defendant argues that remand is necessary because the

[1] The trial court's instructions included the following:

The seller claims that the implied warranty of merchantability was changed or eliminated. The implied warranty of merchantability may be changed or eliminated by specific language if it includes the word "merchantability" and if it is conspicuous.

The implied warranty is unchanged, even if there is specific language changing it, if the circumstances make such a change

trial court should have decided whether the warranty language on the customer service invoice was conspicuous or unconscionable and the court erred in submitting the issues to the jury. We find that while it appears the trial court erred in submitting the issues of conspicuousness and unconscionability to the jury, the error was harmless and does not require reversal.

SJI2d 140.44 and SJI2d 140.45 suggest that the issue of conspicuousness is for the jury to determine. However, MCL 440.1201(10); MSA 19.1201(10) states that the decision is for the court. Trial judges have made this determination even in jury trials. See *Latimer v William Mueller & Son, Inc,* 149 Mich App 620, 635; 386 NW2d 618 (1986); *Mallory v Conida Warehouses, Inc,* 134 Mich App 28, 32; 350 NW2d 825 (1984).

MCL 440.2302; MSA 19.2302 explains the options available to the trial court where the court "as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made." Subsection 3 of the Uniform Commercial Code (UCC) Comment accompanying that statute states:

> The present section is addressed to the court, and the decision is to be made by it. The commercial evidence [of unconscionability or lack thereof] referred to in subsection (2) is for the court's consideration, not the jury's. Only the agreement which results from the court's action on these matters is to be submitted to the general triers of the facts.

---

unconscionable or if there would be no real remedy for the buyer without the implied warranty.

\* \* \*

The seller has the burden of proving that the implied warranty of merchantability was changed or eliminated.

We are satisfied that the trial court should have determined whether the warranty language is either conspicuous or unconscionable. However, because we find that the language of the warranty was not conspicuous and could not have been applied in this case, we decline to reverse.[2]

A term or clause is conspicuous "when it is so written that a reasonable person against whom it is to operate ought to have noticed it." MCL 440.1201(10); MSA 19.1201(10). The statute directs that a printed heading in capital letters or language printed in larger or contrasting type or color is conspicuous. *Id.*

The warranty language on the customer service invoice is printed at the bottom of the front and on the back of the form. The portion of the warranty that appears on the front of the invoice is at the bottom in small print. The exculpatory language, which appears on the back of the invoice in the body of text, states:

> WITH EXCEPTION OF THE 12 MONTH WARRANTY, SET FORTH ABOVE, THE COMPANY MAKES NO EXPRESS WARRANTIES, NO WARRANTY OF MERCHANTABILITY AND NO WARRANTIES WHICH EXTEND BEYOND THE DESCRIPTION ON THE FACE, HEREOF. In no event will the company be liable for indirect, special or consequential damages of any nature whatsoever.

While some of the relevant language is capitalized, the pivotal statement of limitation that "[i]n no event will the company be liable for indirect, special or consequential damages of any nature

---

[2] In addition, we note that 1 Anderson, Uniform Commercial Code (3d ed), § 1-201:61, p 214, provides that while the issue of conspicuousness is a question of law for the court to decide, submission of the question to the jury is not "fundamental" error and does not warrant reversal when no objection was made to such submission at the time of the trial. Defendant did not raise an objection with respect to this issue.

whatsoever" is not capitalized. Furthermore, to become aware that there is language on the back of the form containing terms and conditions that are incorporated into the contract, the reader must notice the words, "The Standard Terms and Conditions on the reverse side are a part hereof," which appear in small italicized print at the bottom of the front of the invoice. We do not believe that a reasonable person ought to be held to have noticed the exculpatory language.

Moreover, because plaintiff was deprived of its furnace for eighteen months and the furnace was not completely fixed for three years, the warranty failed in its essential purpose. MCL 440.2719; MSA 19.2719. Even where a valid limitation of liability in a warranty exists, a buyer is entitled to pursue other remedies where the seller takes too long to complete the repairs or replacements promised in the warranty. See *King v Taylor Chrysler-Plymouth, Inc,* 184 Mich App 204, 213; 457 NW2d 42 (1990); *Kelynack v Yamaha Motor Corp, USA,* 152 Mich App 105, 112; 394 NW2d 17 (1986).[3]

We find defendant's remaining issues to be without merit. The evidence presented by plaintiff was sufficient to support its claim that the component parts sold by defendant were defective. Plaintiff did not begin experiencing difficulty until defendant's agent installed the "W" range card in 1985. When a different range card was installed in December of 1986, the problems subsided. In addition, the evidence casts doubt on the claim by defendant's agent that the i/o board was ever

---

[3] We believe the argument could also be made that, because the language only appears on an invoice for goods and services, the limitation was not bargained for and did not become part of the bargain. However, the issue is not presented adequately in the parties' briefs and, consequently, we decline to address it. *Richmond Twp v Erbes,* 195 Mich App 210, 220; 489 NW2d 504 (1992), and *Sargent v Browning-Ferris Industries,* 167 Mich App 29, 32-33; 421 NW2d 563 (1988).

replaced. Because the question of defective parts was one of credibility and weight, it was properly left for the jury to decide. *Teodorescu v Bushnell, Gage, Reizen & Byington (On Remand),* 201 Mich App 260, 264; 506 NW2d 275 (1993).

We also find that plaintiff's proofs regarding proximate cause were sufficient to submit the issue of future damages to the jury. *Id.* The general manager from Keo Cutters, one of plaintiff's chief customers, testified that one reason for cessation of business with plaintiff was the poor quality of the parts being supplied by plaintiff sometime after 1985. Testimony also showed that in November of 1985, plaintiff began receiving telephone calls from Keo personnel complaining about the poor quality of the parts. In light of the evidence, we believe the conclusion that the defective parts were a proximate cause of plaintiff's loss of Keo's business is a natural inference. Because the jury could logically reach this conclusion, the trial court properly allowed the issue to go to the jury. *Dedes v South Lyon Community Schools,* 199 Mich App 385, 390; 502 NW2d 720 (1993), rev'd on other grounds sub nom *Dedes v Asch,* 446 Mich 99 (1994).

Defendant's claim regarding the statute of limitations is moot because the jury found in favor of plaintiff with regard to both the contract theory and the negligence theory, and the trial court entered judgment with regard to the contract theory alone. In *Neibarger v Universal Cooperatives, Inc,* 439 Mich 512, 527-528; 486 NW2d 612 (1992), decided one year after the judgment in the present case, the Supreme Court held that where the loss caused by a defective product is economic, the UCC provides the only remedy. Pursuant to *Neibarger,* plaintiff's losses were clearly economic and within

the contemplation of the parties. However, the trial court correctly recognized that the UCC, with its four-year period of limitation, governs this case. Because the jury awarded damages with regard to both the contract and the negligence theories, its verdict is proper. The trial court ruled that the contract claim was determinative and merged the negligence claim into the contract claim to avoid duplicating damages. Accordingly, defendant's arguments regarding the statute of limitations for the negligence claim are without merit.

Defendant has failed to cite any authority for the proposition that plaintiff waived its negligence claim by not moving for judgment notwithstanding the verdict. Therefore, defendant has abandoned this issue. *Tringali v Lal,* 164 Mich App 299, 306; 416 NW2d 117 (1987).

Finally, we find the trial court's entry of judgment was proper and in accordance with the law. Contrary to defendant's position, there was no clerical error involving the verdict forms. As such, if there was an error on the part of the jury, it was one involving the thought processes of the jurors and, therefore, one not subject to review. *Ledbetter v Brown City Savings Bank,* 141 Mich App 692, 701; 368 NW2d 257 (1985).

Affirmed.