**James Reed PITTS, Plaintiff,**

v.

**MONACO COACH CORPORATION, a foreign corporation; George Ewing, Inc., a Michigan corporation; and Bank One, a foreign corporation, Jointly and Severally, Defendants.**

No. 1:03–CV–618.

United States District Court,
W.D. Michigan,
Southern Division.

June 21, 2004.

Brian P. Parker, The Law Offices of Brian P. Parker, Bingham Farms, MI, for James Reed Pitts, plaintiff.

Jeffrey Raymond Nowicki, Dolenga & Dolenga, PLLC, Michael D. Dolenga, Dolenga & Dolenga, PLLC, Bingham Farms, MI, for Monaco Coach Corporation, a foreign corporation, George Ewing, Inc., a Michigan Corporation, Bank One, a foreign corporation, Jointly and Severally, defendants.

## *OPINION*

BELL, Chief Judge.

This is an action for breach of warranty and other claims arising out of the purchase of a motor home. Defendants have filed a motion for partial summary judgment. For the reasons that follow Defendants' motion will be granted in part and denied in part.

## I.

On March 1, 2003, Plaintiff James Reed Pitts purchased a new 2001 Holiday Rambler Motor Home from Defendant George Ewing, Inc. ("George Ewing") for approximately $70,000. The motor home was manufactured by Defendant Monaco Coach Corporation ("Monaco"). The motor home came with warranties from Monaco, Ford Motor Company and various component part manufacturers. The purchase agreement contains a disclaimer of all warranties by George Ewing.

Plaintiff has alleged that the motor home had defects including

water leak/ceiling discoloration, defective awning, defective trim, defective washer door, defective bathroom door, defective entry door, defective bathroom sink, defective kitchen chair, inoperable CB antenna, defective tv antenna. . . .

(Compl.¶ 11). Plaintiff alleges that he notified Defendants of the defective conditions and allowed Defendants the opportunity to make repairs, but many nonconforming and defective conditions were not repaired and still exist. (Compl.¶¶ 12, 14).

Plaintiff filed this action in the Calhoun County Circuit Court alleging 1) breach of warranty of merchantability, 2) violation of the Magnuson–Moss Warranty Act, 3) breach of warranty of fitness, 4) revocation, 5) violation of the Michigan Consumer Protection Act, 6) negligent repair, 7) breach of express warranty, and 8) financier liability.[1] Defendants removed the case to federal court on the basis of federal question jurisdiction, 28 U.S.C. § 1331, arising from Plaintiff's federal Magnuson–Moss Warranty Act claim. Defendants Monaco and George Ewing have moved for summary judgment as to George Ewing and partial summary judgment as to all

claims except the breach of express warranty and the related Magnuson–Moss claim against Monaco.

## II.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). If Defendants carry their burden of showing there is an absence of evidence to support a claim, then Plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"On summary judgment, all reasonable inferences drawn from the evidence must be viewed in the light most favorable to the parties opposing the motion." *Hanover Ins. Co. v. American Engineering Co.*, 33 F.3d 727, 730 (6th Cir.1994) (citing *Matsushita*, 475 U.S. at 586–88, 106 S.Ct. 1348). Nevertheless, the mere existence of a scintilla of evidence in support of Plaintiff's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for Plaintiff. *Id. See generally, Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476–80 (6th Cir.1989).

---

1. Count 8, alleging financier liability under M.C.L. § 492.114, is only plead against Defendant Bank One. Accordingly, Count 8 is not at issue in this motion.

## III.

### A. Express and Implied Warranty Claims Against George Ewing

Defendant George Ewing seeks dismissal of Plaintiff's express and implied warranty claims against it on the basis that George Ewing disclaimed all warranties. Plaintiff contends that the disclaiming language is not valid because it was not conspicuous.

There is no dispute that a seller may disclaim implied warranties under Michigan law as long as the disclaimer is conspicuous. M.C.L. § 440.2316(2).[2] Michigan law provides that a term or clause is conspicuous "when it is so written that a reasonable person against whom it is to operate ought to have noticed it." M.C.L. § 440.1201(10). The statute clarifies that a printed heading in capital letters or language printed in larger or contrasting type or color is conspicuous. *Id.* The determination as to whether a term or clause is conspicuous or not is for decision by the court. *Id.*

The purchase agreement signed by Plaintiff[3] is a two-sided document. (Ex. 6). The first line on the front page of the agreement defines the terms used for the parties to the contract:

> In this contract the words, *I, me* and *my* refer to the Buyer and Co–Buyer signing this contract. The words *you* and *your* refer to the Dealer.

The second line states:

> Subject to the terms and conditions on both sides of this agreement you agree to sell and I agree to purchase the following described unit.

Toward the bottom of the front page in all capital letters, and in bold print,[4] is the following:

> **NOTE: WARRANTY AND EXCLUSIONS AND LIMITATIONS OF DAMAGES ON THE REVERSE SIDE.**

Immediately above the signature block, on the left hand side of the page, is a block which states the following in capital letters:

> YOU AND I CERTIFY THAT THE ADDITIONAL TERMS AND CONDITIONS PRINTED ON THE BACK OF THIS CONTRACT ARE AGREED TO AS PART OF THIS AGREEMENT, THE SAME AS IF PRINTED ABOVE

**2.** The Michigan Uniform Commercial Code provides:

> (2) Subject to subsection (3), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that "There are no warranties which extend beyond the description on the face hereof."

M.C.L. § 440.2316(2).

**3.** Plaintiff contends that the purchase agreement is not a binding document because it was not signed by Defendant George Ewing. The Uniform Commercial Code's statute of frauds only requires that the contract be signed "by the party against whom enforcement is sought." M.C.L. § 440.2201. George Ewing is offering the document to show that Plaintiff was placed on notice of its disclaimer of warranties. Plaintiff does not deny that he purchased the motor home from George Ewing or that he signed the agreement. Accordingly, Plaintiff's assertion that the document was invalid because it was not signed by George Ewing is without merit. *See Rokicsak v. Colony Marine Sales and Service, Inc.*, 219 F.Supp.2d 810, 814–15 (E.D.Mich.2002) (holding that purchase agreement was enforceable against buyer as a signatory even though not signed by the dealer).

**4.** Although Defendants state in their brief that certain language on the front of the contract is in red ink (Defs.' Br. in Supp. of Mot. for Summ. J. at 8–9), Defendants have not presented any evidence to support this assertion.

THE SIGNATURE: . . . THIS AGREEMENT CONTAINS THE ENTIRE UNDERSTANDING BETWEEN YOU AND ME AND NO OTHER REPRESENTATION OR INDUCEMENT, VERBAL OR WRITTEN, HAS BEEN MADE WHICH IS NOT WRITTEN HERE.

Above the signature line, in bold print, underlined, and in all capital letters, is the following:

*I, OR WE, ACKNOWLEDGE RECEIPT OF A COPY OF THIS ORDER AND THAT I, OR WE, HAVE READ AND UNDERSTAND THE BACK OF THIS AGREEMENT.*

The disclaimer is found on the back-side of the Purchase agreement under the heading "10. *WARRANTIES AND EXCLUSIONS*." The pertinent language in that paragraph is as follows:

(I) I UNDERSTAND THAT THE IMPLIED WARRANTIES OF MERCHANT ABILITY AND FITNESS FOR A PARTICULAR PURPOSE AND ALL OTHER WARRANTIES EXPRESSED OR IMPLIED ARE EXCLUDED BY YOU FROM THIS TRANSACTION AND SHALL NOT APPLY TO THE UNIT OR ANY COMPONENT OR ANY APPLIANCE CONTAINED THEREIN; (II) I UNDERSTAND THAT YOU MAKE NO WARRANTIES WHATSOEVER REGARDING THIS UNIT OR ANY COMPONENT OR ANY APPLIANCE CONTAINED THEREIN, AND (III) I UNDERSTAND THAT YOU DISCLAIM AND EXCLUDE FROM THIS TRANSACTION ALL WARRANTY OBLIGATIONS WHICH EXCEED OR EXIST OVER AND ABOVE THE LEGAL WARRANTIES REQUIRED BY APPLICABLE STATE LAW.

(Ex. 6).

The disclaimer section also provides

(i) DELIVERY BY YOU TO ME OF THE WARRANTY BY THE MANUFACTURER OF THE UNIT PURCHASED, OR ANY COMPONENTS(S), OR ANY APPLIANCE(S) DOES NOT MEAN YOU ADOPT THE WARRANTY(S) OF SUCH . MANUFACTURER(S). (ii) I ACKNOWLEDGE THAT THESE EXPRESS WARRANTIES MADE BY THE MANUFACTURER(S) HAVE NOT BEEN MADE BY YOU EVEN IF THEY SAY YOU MADE THEM OR SAY YOU MADE SOME OTHER EXPRESS WARRANTY, AND (iii) YOU ARE NOT AN AGENT OF THE MANUFACTURER(S) FOR WARRANTY PURPOSES EVEN IF YOU COMPLETE OR ATTEMPT TO COMPLETE REPAIRS FOR THE MANUFACTURER(S).

(Ex. 6).

Plaintiff contends that the disclaimer is not conspicuous because it is found on the back of the purchase agreement in virtually non-distinguishing print. According to Plaintiff it suffers from the same defects as the disclaimers that the court held were not conspicuous in *Krupp PM Eng. v. Honeywell, Inc.*, 209 Mich.App. 104, 530 N.W.2d 146 (1995), and *Gorelik v. Mercedes–Benz of North America, Inc.*, No. 03–048957 (Oakland Co. Cir. Ct. Dec. 10, 2003). In *Krupp* the court held that a disclaimer on the back of the invoice was not conspicuous where the only reference to the backside of the invoice appeared in "small italicized print at the bottom of the front of the invoice." *Id.* at 109, 530 N.W.2d 146. Only part of the disclaimer language on the back of the form was in capital letters. *Id.* at 108, 530 N.W.2d 146. In *Gorelik,* the court held that the disclaimers on the order, lease and statement of vehicle sale were not conspicuous because the print was smaller than most of

the other print on the documents. Slip Op. at 4.

■ The purchase agreement in this case differs materially from the documents at issue in *Krupp* and *Gorelik*. In this case there are multiple references to the exclusions on the front page of the purchase agreement in capital letters, and in bold print. The disclaimer on the back of the form is in all capital letters which sets it apart from most of the other language on the back. Upon review of the purchase agreement, this Court finds that a reasonable person against whom the disclaimer is to operate ought to have noticed it, and that it is therefore conspicuous as a matter of law. *See* M.C.L. § 440.1201(10). *See also Ducharme v. A & S RV Center, Inc.,* Case No. 03–70729 (E.D.Mich.2004) (unpublished) (Cohn, J.) (holding that notice of disclaimer in all capital letters in contrasting color on front of purchase agreement and disclaimer on back side in all capital letters and in bold print was conspicuous); *Watson v. Damon Corp.,* No. 1:02–CV–584, 2002 WL 32059736, at *5–6 (W.D.Mich. Dec. 17, 2002) (Quist, J.) (holding that notice on front in all capital letters and disclaimer on back in all capital letters was conspicuous).

Plaintiff contends that not withstanding the written disclaimer, at the time of the sale the George Ewing sales person made various assurances regarding repairs to be performed. The signed purchase agreement, however, contained a merger clause directly above Plaintiff's signature which provides in all capitals letters and in bold print:

THIS AGREEMENT CONTAINS THE ENTIRE UNDERSTANDING BETWEEN YOU AND ME AND NO OTHER REPRESENTATION OR INDUCEMENT, VERBAL OR WRITTEN, HAS BEEN MADE WHICH IS NOT WRITTEN HERE.

(Ex. 6).

■ Plaintiff states in his affidavit that at the time he signed the sales documents, many documents were placed before him and they were not explained to him. (Pitts. Aff. at ¶ 10). Under Michigan law, however, Plaintiff is bound by what he signed. "The stability of written instruments demands that a person who executes one shall know its contents or be chargeable with such knowledge." *Sponseller v. Kimball,* 246 Mich. 255, 260, 224 N.W. 359 (1929). If Plaintiff did not understand the terms of the purchase agreement, he had a duty to inquire about its contents. *Scholz v. Montgomery Ward & Co.,* 437 Mich. 83, 92, 468 N.W.2d 845 (1991).

George Ewing's disclaimer of warranties is conspicuous and unambiguous. This Court accordingly finds that George Ewing effectively disclaimed all warranties and is entitled to judgment on all of Plaintiff's express and implied warranty claims. The warranty claims in Counts 1, 2, 3 and 7 will accordingly be dismissed as to George Ewing.

**B. Revocation of Acceptance**

Count 4 of Plaintiff's complaint is a claim for revocation of acceptance. Although Plaintiff has alleged this claim against "Defendants" in the plural, Plaintiff has clarified in his response to the motion for summary judgment that the revocation claim is only against George Ewing, and not against the manufacturer.[5]

---

**5.** Plaintiff is not entitled to revocation with respect to Defendant Monaco because Plaintiff was not in privity of contract with Monaco. *Henderson v. Chrysler Corp.,* 191 Mich. App. 337, 341–43, 477 N.W.2d 505 (1991).

*See also Watson,* 2002 WL 32059736 at *5–6; *Chiasson v. Winnebago,* No. 01–CV–74809, slip op. at 8 (E.D.Mich. May 16, 2002); *Ducharme,* at 852–53.

Michigan law provides for revocation of acceptance as follows:

> The buyer may revoke his acceptance of a lot or commercial unit whose non-conformity substantially impairs its value to him if he has accepted it
>
> (a) on the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured; or
>
> (b) without discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.

M.C.L. § 440.2608(1).

■ This Court has previously determined that although there is no clear Michigan precedent on whether a seller's disclaimer of all warranties bars revocation by a buyer, the weight of authority supports a determination that "if the only relevant language in the agreement as to quality has been effectively disclaimed, no nonconformity in the goods sufficient for revocation can exist." *Watson*, 2002 WL 32059736 at *7 (quoting 1 JAMES J. WHITE & ROBERT S. SUMMERS, UNIFORM COMMERCIAL CODE § 8–4 at 457 (4th ed. 1995 & Supp. 2002)). *See also Ducharme*, at 855–56.

In addition to notifying Plaintiff of its disclaimer of warranties, Defendant George Ewing also notified Plaintiff that revocation of acceptance was not an available remedy. The purchase agreement provides, under the caption *"LIMITATION OF DAMAGES"*:

> I ALSO AGREE THAT ONCE I HAVE ACCEPTED THE UNIT, EVEN THOUGH THE MANUFACTURER(S) WARRANTY DOES NOT ACCOMPLISH ITS PURPOSE, THAT I CANNOT RETURN THE UNIT TO YOU AND SEEK A REFUND FOR ANY REASON.

(Ex. 6).

Because this Court has already determined that Defendant George Ewing effectively disclaimed all warranties on the motor home, and because Plaintiff has acknowledged that he did not intend to bring a revocation claim against Defendant Monaco, Defendants George Ewing and Monaco are entitled to judgment on Plaintiff's revocation claim. Count 4 will accordingly be dismissed.

### C. Implied Warranties Claim Against Monaco

Counts 1 and 3 allege breach of the implied warranty of merchantability, M.C.L. § 440.2314, and breach of the implied warranty of fitness, M.C.L. § 440.2315, against both defendants. Defendant Monaco contends it is entitled to dismissal of the implied warranty claims because it is not in privity of contract with the Plaintiff Buyers.[6]

Plaintiff's motor home was covered by Defendant Monaco's Holiday Rambler Motor Home limited warranty. (Pl.Ex. 4). The limited warranty was for one year from the original retail purchase date or twenty-four (24) thousand miles, whichever occurs first, and "covers defects in the manufacture of your motorhome and defects in materials used to manufacture your motorhome." *Id.* Under the limited warranty, Monaco agreed to repair and/or replace, at its option, any covered defect. *Id.* Plaintiff signed a warranty registration form acknowledging his receipt of the Holiday Rambler limited warranty and further acknowledging that the chassis, component parts and appliances that are separately

---

6. Defendant Monaco has not moved for summary judgment on Plaintiff's breach of the express warranty claim in Count 7.

covered by another manufacturer's warranty are excluded from the Holiday Rambler limited warranty. (Pl.Ex. 5). The Monaco limited warranty specifically provides:

> ANY IMPLIED WARRANTIES ARISING BY WAY OF STATE LAW, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY AND ANY IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE, ARE LIMITED IN DURATION TO THE TERM OF THIS LIMITED WARRANTY AND ARE LIMITED IN SCOPE OF COVERAGE TO THOSE PORTIONS OF THE MOTOR HOME COVERED BY THIS LIMITED WARRANTY.

(Ex. 6).

■ Plaintiff contends that through this language Monaco has expressly permitted implied warranties to exist for the length of the written warranty. This contention is without merit. This language simply allows for implied warranties if they arise by way of state law. No implied warranties arise by operation of Michigan state law between a manufacturer and a remote buyer.

In *Auto Owners Ins. Co. v. Chrysler Corp.*, 129 Mich.App. 38, 341 N.W.2d 223 (1983), the Michigan Court of Appeals held that the purchasers of a motor home could not proceed against the manufacturer of the chassis for breach of warranties under the UCC in the absence of contractual privity. *Id.* at 40, 341 N.W.2d 223. Several years later the United States District Court for the Eastern District of Michigan relied on *Auto Owners* as the basis for its determination that "the privity requirement retains its validity under Michigan law." *Mt. Holly Ski Area v. U.S. Elec. Motors*, 666 F.Supp. 115, 119 (E.D.Mich. 1987). "[I]n order for a plaintiff to recover economic losses on a breach of implied warranty theory under Michigan contract law, privity of contract must exist between the plaintiff and the defendant." *Id.* at 120.

Although the Michigan Supreme Court has not spoken on the subject, *Auto Owners* and *Mt. Holly* have been the foundation of numerous recent decisions holding that under Michigan law privity of contract is required before a consumer can recover under an implied warranty theory against a remote manufacturer. *See Pack v. Damon Corp.*, 320 F.Supp.2d 545, 560 (E.D.Mich.2004) (unpublished) (Steeh, J.) (holding that Michigan Supreme Court would rule that privity of contract is required for consumer to recover under implied warranty claim against remote manufacturer, and manufacturer's express warranty does not create the requisite contractual privity); *Ducharme*, at 559 (requiring privity and holding that the "fact that an express warranty runs from the remote manufacturer to the purchaser does not create the requisite privity."); *Gernhardt v. Winnebago Industries, Inc.*, No. 03–73917, slip op. at 7 (E.D.Mich. Dec. 30, 2003) (Borman, J.) (unpublished) ("in the context of a consumer purchasing goods for personal use, privity is required in order to enforce an implied warranty of merchantability."); *Watson*, 2002 WL 32059736 at *5–6 (following *Mt. Holly*); *Chiasson v. Winnebago Industries*, No. 01–CV–74809, slip op. at 15 (E.D.Mich. May 16, 2002) (Steeh, J.) (unpublished) (holding that the majority decision in *Auto Owners*, that a consumer must prove contractual privity to pursue a UCC implied warranty of merchantability claim against a remote manufacturer, "remains the law in Michigan.").

This Court is aware of the contrary conclusion reached in *Michels v. Monaco Coach Corp.*, 298 F.Supp.2d 642 (E.D.Mich.2003) (Duggan, J.). In *Michels* the court concluded that "vertical privity no longer is required in Michigan to pur-

sue a breach of implied warranty claim against a remote manufacturer." *Id.* at 650. *Michels* stands alone and this Court does not find its reasoning to be persuasive. In reaching its conclusion, the *Michels* court relied primarily on two Michigan cases that preceded *Auto Owners* and *Mt. Holly*.[7] Because *Michels* did not rely on any Michigan case subsequent to *Auto Owners* and *Mt. Holly* which challenges their holdings, this Court is satisfied that Judge Quist correctly determined that "*Mt. Holly* appears to have the correct analysis in holding that in order for a plaintiff to recover economic losses on a breach of implied warranty theory under Michigan contract law, privity of contract must exist between the plaintiff and the defendant." *Watson*, 2002 WL 32059736 at * 5 (citing *Mt. Holly*, 666 F.Supp. at 120).

Because no implied warranties between a consumer and a remote manufacturer arise by way of state law, they are not created under the Monaco limited warranty. Defendant Monaco is entitled to judgment on Plaintiff's implied warranty claims. Counts 1 and 3 will accordingly be dismissed as against Monaco.

### D. Magnuson–Moss Warranty Act

 Count 2 of Plaintiff's complaint alleges a violation of the Magnuson–Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq.* The MMWA does not create implied warranties. The MMWA merely supplements state-law implied warranties by "prohibiting their disclaimer in certain circumstances" and "affording a federal remedy for their breach." *Rokicsak v. Colony Marine Sales & Serv.*, 219 F.Supp.2d 810, 817 (E.D.Mich.2002) (quoting *Richardson v. Palm Harbor Homes, Inc.*, 254 F.3d 1321, 1325–26 (11th Cir. 2001)). The MMWA prohibits a supplier from disclaiming an implied warranty while either making a written warranty or entering into a service contract. *Rokicsak*, 219 F.Supp.2d at 817 (citing 15 U.S.C. § 2308(a)).[8] The MMWA also "allows recovery of attorney fees upon successful suit under a written or implied warranty under state law." *King v. Taylor Chrysler–Plymouth, Inc.*, 184 Mich.App. 204, 221, 457 N.W.2d 42 (Mich.App.1990) (citing 15 U.S.C. § 2310(d)).

Although George Ewing provided Plaintiff with copies of warranties from Monaco and others, this Court has already determined that George Ewing did not adopt the manufacturers' warranties and validly disclaimed all warranties under state law. There is no evidence that George Ewing entered into a service contract with Plaintiff for repair of the motor home. George Ewing is accordingly enti-

---

7. The court relied on *Spence v. Three Rivers Builders & Masonry Supply, Inc.*, 353 Mich. 120, 90 N.W.2d 873 (1958), and *Cova v. Harley Davidson Motor Co.*, 26 Mich.App. 602, 182 N.W.2d 800 (1970). This Court has previously observed that *Cova* relied heavily on *Spence*, an "ambiguous case" that is "limited by the court's observation that defects in the cinder blocks threatened injury to the person." *ETV, Inc. v. Ross Gear Div. of TRW, Inc.*, Case No. G88–784 CA, 1989 WL 308036 (W.D.Mich. Nov. 7, 1989) (Gibson, C.J.) (holding that a plaintiff can only recover economic losses on a breach of implied warranty theory under Michigan contract law if there is privity of contract).

8. 15 U.S.C. § 2308(a) provides:

    (a) Restrictions on disclaimers or modifications. No supplier may disclaim or modify (except as provided in subsection (b)) any implied warranty to a consumer with respect to such consumer product if (1) such supplier makes any written warranty to the consumer with respect to such consumer product, or (2) at the time of sale, or within 90 days thereafter, such supplier enters into a service contract with the consumer which applies to such consumer product.

tled to judgment on Plaintiff's MMWA claim. Count 2 will accordingly be dismissed as to George Ewing.

Because this Court has determined that Plaintiff has no implied warranty claim against Defendant Monaco, any MMWA claim against Monaco is limited to Plaintiff's breach of express warranty claim against Monaco.

### E. Negligent Repair

In Count 6 Plaintiff has alleged a claim against George Ewing for negligent repairs. Plaintiff alleges that on numerous occasions he delivered the motor home to George Ewing "for repairs of the defective conditions covered under the express and implied warranties," (Compl.¶ 56), that George Ewing "attempted repairs pursuant to their obligations under the express and implied warranties accompanying the vehicle' sale," (Compl.¶ 57), and that George Ewing breached its duty to perform repairs in a good and workmanlike manner within a reasonable time in that the repairs were done "negligently, carelessly, and recklessly as to substantially impair the vehicle's use, value, and safety in its operation and use," and that George Ewing represented that the repairs were complete, when in fact they were not. (Compl. ¶ 58–60).

George Ewing is an independent dealership that is authorized by Monaco to perform warranty repair work. George Ewing is only one of numerous repair facilities that can perform this repair work. The purchase agreement signed by Plaintiff contains the following notice:

(iii) YOU [George Ewing] ARE NOT AN AGENT OF THE MANUFACTURER(S) FOR WARRANTY PURPOSES EVEN IF YOU COMPLETE OR ATTEMPT TO COMPLETE RE-

PAIRS FOR THE MANUFACTURER(S).

(Ex. 6).

George Ewing moves for dismissal of Count 6 on the basis that Plaintiff's negligent repair claim is nothing more than a disguised claim for breach of express and implied warranties.

Plaintiff objects to this characterization of his complaint. He contends that the negligent repair claim in Count 6 does not arise out of warranty-related repairs but out of negligently performed repairs.

■ Plaintiff's attempt to distinguish his negligent repair claim from a breach of warranty claim is not supported by any allegations in the complaint or by any evidence submitted in response to Defendants' motion for summary judgment. George Ewing has attached copies of the Monaco warranty repair forms signed by Plaintiff when he had repairs performed at George Ewing. (Ex. 12). Plaintiff has not come forward with any evidence that George Ewing performed repairs other than those performed pursuant to Monaco's warranty.

■ "As a general rule, there must be some active negligence or misfeasance to support tort. There must be some breach of duty distinct from breach of contract." *Hart v. Ludwig*, 347 Mich. 559, 563, 79 N.W.2d 895 (1956). "For an action in tort to exist here, there must be a breach of a duty separate and distinct per duties imposed by the contract." *Nelson v. Northwestern Sav. & Loan Assoc.*, 146 Mich. App. 505, 509, 381 N.W.2d 757 (1985). Plaintiff is essentially arguing that George Ewing did not properly perform repairs pursuant to Monaco's limited warranty. Plaintiff's proper cause of action for repairs performed pursuant to Monaco's limited warranty is the breach of express warranty action filed against Monaco. Ac-

cordingly, the Court will grant Defendant's motion for summary judgment on Plaintiff's negligent repair claim, and Count 6 will be dismissed.

### F. Consumer Protection Act

Count 5 of Plaintiff's complaint alleges that Defendants violated the Michigan Consumer Protection Act, M.C.L. § 445.901, *et seq.* ("MCPA") as follows:

a. Represented the subject vehicle to be of good, merchantable quality, free of defects, when in fact it was not, MCLA 445.903(1)(e);

b. Represented that the subject vehicle had been properly repaired under the warranty, when in fact the Defendants knew or should have known that it had not, MCLA 445.903(1)(cc);

c. Represented that the repairs would be performed properly within a reasonable time, when Defendants knew, or in the exercise of reasonable care, should have known that this was not the case, MCLA 445.903(1)(s);

d. Failing to make proper repairs on a warranted item, MCLA 445.903(1)(t);

e. Failing to offer a refund or replacement of the subject vehicle in accordance with the applicable law and rules on revocation, MCLA 445.903(1)(u);

f. Causing a probability of confusion or of misunderstanding as to the legal rights, obligations or remedies of a party to a transaction, MCLA 445.903(1)(n).

g. Failing to provide promised benefits both from the sale of the vehicle and in the repair attempts, MCLA 445.903(1)(y).

h. Failing to reveal material facts including but not limited to the cause of the vehicle defects and noncon-formities and Defendant Dealers' inability to repair said nonconformities as enumerated above, MCLA 445.903(1)(s).

i. Entering into a consumer transaction in which the consumer waives or purports to waive a right, benefit, or immunity provided by law, unless the waiver is clearly stated and the consumer has specifically consented to it, MCLA 445.903(1)(t).

(Complaint ¶ 53(a)-(f)).

Defendants contend that Plaintiff's MCPA claim should be dismissed because Plaintiff failed to plead this claim with the particularity required by Rule 9 for allegations of fraud. *See* FED. R. CIV. P. 9(b). Plaintiff submits that the allegations are sufficient.

The MCPA prohibits the use of "unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce." M.C.L. § 445.903(1). The intent of the MCPA is "to protect consumers in their purchases of goods which are primarily used for personal, family or household purposes." *Zine v. Chrysler Corp.,* 236 Mich.App. 261, 271, 600 N.W.2d 384 (1999) (quoting *Noggles v. Battle Creek Wrecking, Inc.,* 153 Mich.App. 363, 367, 395 N.W.2d 322 (1986)). The Michigan Court of Appeals has observed that the "great majority of the specific prohibited practices enumerated in the statute" involve fraud. *Mayhall v. A.H. Pond Co.,* 129 Mich.App. 178, 182, 341 N.W.2d 268 (1983). The Michigan Court of Appeals has accordingly held that "it is proper to construe the provisions of the MCPA 'with reference to the common-law tort of fraud.'" *Zine,* 236 Mich.App. at 283, 600 N.W.2d 384 (quoting *Mayhall,* 129 Mich. App. at 182–83, 341 N.W.2d 268).

Defendants cite *Munem v. Best Buy Co.,* 2002 WL 43484 (Mich.App. Jan. 11, 2002) (unpublished), in support of their

contention that Plaintiff is required to plead the circumstances of the fraud "with sufficient particularity to apprise the opposite party of the nature of the case he must prepare to defend." *Id.* at *1.

■ *Munem,* the case on which Defendants rely, is not controlling. *Munem* is an unpublished case applying Michigan procedural law. This Court is bound to apply federal procedural law, including the notice pleading standards of FED. R. CIV. P. 8(a)(2). *See Pack,* at 561–63 (denying request to dismiss MCPA claims pursuant to *Munem*). Moreover, *Munem* does not support the immediate dismissal of Plaintiff's MCPA claims. The claim in *Munem* was unquestionably a fraud claim and the trial court permitted the plaintiffs to replead the MCPA claim before disposing of it on summary disposition. By contrast, not all of Plaintiff's MCPA claims in this case are properly characterized as fraud claims and Plaintiff has not yet had an opportunity to replead the MCPA claims. Accordingly, this Court denies Defendants' request for summary judgment on Plaintiff's MCPA claims at this early stage of the litigation.

The Court will, however, grant Defendants' alternative request for an order requiring Plaintiff to file a more definite statement of his MCPA claims and Plaintiff's request for leave to amend to cure any deficiency. (Def. Supp. Br. at 4, Docket # 33; Pl. Br. in Resp. at 12, Docket # 13). The amended claim for violation of the MCPA shall be filed within 10 days of this order. It shall identify each claim with sufficient particularity to enable the Defendants to know to which one of them each claim applies. Plaintiff is advised to analyze the MCPA claims in light of this opinion because many of Plaintiff's MCPA claims will fail in light of this Court's ruling today. By way of example only, because this Court is entering summary judgment in favor of George Ewing on Plaintiff's claims for breach of express and implied warranties and revocation, many of Plaintiff's MCPA claims against George Ewing that are based upon these claims will also fail. *See Ducharme,* at 856 ("Because A & S is entitled to summary judgment on the Ducharmes claims for breach of implied and express warranties, as well as revocation, the Ducharmes's MCPA claim against A & S also fails.") (citing *Marshall v. Meade Group, Inc.,* No. 224815, 2002 WL 44232 at *1 (Mich.App. Jan. 11, 2002) (per curiam) (unpublished)). *See also Chiasson,* slip op. at 19 (noting that it would be futile for plaintiff to file an amended MCPA claim based on Winnebago's alleged breach of an implied warranty of merchantability).

## IV.

For the reasons stated herein, Defendants' motion for partial summary judgment will be granted in part and denied in part. The motion is granted in favor of Defendants Monaco and George Ewing as to Count 1, breach of warranty of merchantability, Count 3, breach of warranty of fitness, Count 4, revocation, and Count 6, negligent repair. The motion is granted in entered in favor of Defendant George Ewing as to Count 2, violation of the Magnuson–Moss Warranty Act, and Count 7, breach of express warranty. The motion is denied as to Count 5, violation of the Michigan Consumer Protection Act, at this time, in order to allow Plaintiff an opportunity to amend the claim. The remaining counts in this action are Count 2, violation of the Magnuson–Moss Warranty Act, express warranty only, as to Defendant Monaco; Count 5, violation of the MCPA if amended within 10 days; Count 7, breach of express warranty as to Defendant Monaco; and Count 8, financier liability as to Defendant Bank One.

An order consistent with this opinion will be entered.

### ORDER AND PARTIAL JUDGMENT

In accordance with the opinion entered this date,

**IT IS HEREBY ORDERED** that Defendants' motion for partial summary judgment (Docket #11) is **GRANTED IN PART and DENIED IN PART**. The motion is granted in favor of Defendants Monaco and George Ewing as to Count 1, breach of warranty of merchantability; Count 3, breach of warranty of fitness; Count 4, revocation; and Count 6, negligent repair. The motion is granted in entered in favor of Defendant George Ewing as to Count 2, violation of the Magnuson–Moss Warranty Act; and Count 7, breach of express warranty. The motion is denied as to Count 5, violation of the Michigan Consumer Protection Act.

**IT IS FURTHER ORDERED** that Counts 1, 3, 4, and 6 are dismissed in their entirety.

**IT IS FURTHER ORDERED** that Counts 2 and 7 are dismissed as to Defendant George Ewing.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended claim for violation of the Michigan Consumer Protection Act within 10 days of this order.