Glenn HARDEN, Plaintiff,

v.

FORD MOTOR COMPANY, et al., Defendants.

No. 04–72036.

United States District Court, E.D. Michigan, Southern Division.

March 30, 2005.

---

Mark P. Romano, Steven S. Toth, Consumer Legal Services, Garden City, MI, for Plaintiff.

Scott M. Erskine, Erskine Law Group, Rochester, MI, for Defendants.

## OPINION AND ORDER GRANTING DEFENDANT LLOYD BRIDGES TRAVELAND, INC.'S RENEWED MOTION FOR SUMMARY JUDGMENT [28]

NANCY G. EDMUNDS, District Judge.

This is a consumer warranty case where Plaintiff alleges that Defendants sold him a faulty recreational vehicle ("RV"). The matter is before the Court on Defendant Lloyd Bridges Traveland, Inc. ("Lloyd Bridges")'s renewed motion for summary judgment. For the reasons stated below, this Court GRANTS Defendant's renewed motion for summary judgment.

### I. Facts

The Court is familiar with the facts. An abbreviated version is as follows. On June 15, 2002, Plaintiff purchased a new 2001 Jayco RV from Defendant Lloyd Bridges. The "home" portion of the RV was manufactured by Defendant Jayco, Inc. ("Jayco"), and its chassis was manufactured by Defendant Ford Motor Company, Inc. ("Ford"). Jayco sold the completed RV to Defendant Lloyd Bridges, an independent dealer, who in turn sold the RV to Plaintiff.

Plaintiff signed purchase agreements detailing the vehicle being purchased ("purchase agreement") and its financing ("installment contract"), and an "AS IS" Dealer Warranty Disclaimer. The back of the purchase agreement lists 13 terms and conditions, including the following:

11. *FACTORY WARRANTY*

Unless a separate written document showing the terms of any dealer warranty or service contract is furnished by the Dealer to the Purchaser, any warranty on any new vehicle or used vehicle still subject to the Manufacturer's warranty is that made by the Manufacturer only. THE DEALER HEREBY DISCLAIMS, TO THE EXTENT PERMITTED UNDER APPLICABLE STATE LAW, ALL WARRANTIES EXPRESSED OR IMPLIED INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

(Def.'s initial motion for summary judgment, Ex. 1.)

Plaintiff also signed a document titled " 'AS IS' DEALER WARRANTY DISCLAIMER." That disclaimer provides:

**THIS VEHICLE SOLD WITHOUT WARRANTY: "AS IS"**

ALL WARRANTIES, IF ANY, BY A MANUFACTURER OR SUPPLIER OTHER THAN DEALER ARE THEIRS, *NOT* DEALER'S, AND ONLY SUCH MANUFACTURER OR OTHER SUPPLIER SHALL BE LIABLE FOR PERFORMANCE UNDER

SUCH WARRANTIES. UNLESS DEALER FURNISHED BUYER WITH A SEPARATE WRITTEN WARRANTY MADE BY DEALER ON ITS OWN BEHALF, DEALER HEREBY DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE ON ALL GOODS AND SERVICES SOLD BY DEALER. **PURCHASER AGREES THAT HE OR SHE HAS READ THE WARRANTY DISCLAIMER AND FULLY UNDERSTANDS THAT THE VEHICLE IS PURCHASED WITHOUT WARRANTY.**

(*Id.,* Ex. 3.) Plaintiff testifies that he understood this "AS IS" disclaimer to mean that Defendant Lloyd Bridges did not warrant anything and that other companies were providing warranties on the RV's various component parts. (Pl.'s Dep. at 26–27, 38, 190–91.)

Following delivery, Plaintiff had several repairs performed on the RV, including water leaks in storage compartments, requiring the RV to be out of service 125 days. (Pl.'s Aff. ¶¶ 3, 5.) Although some were performed by Lloyd Bridges, none of those repairs were on the RV's chassis. (Def.'s Ex. 2, Pl.'s Ex. B.) Lloyd Bridges asserts that it is not an authorized facility for RV chassis repairs, Defendant Ford is.

Plaintiff filed suit in Washtenaw County Circuit Court on April 14, 2004, asserting that the RV required repairs at least nine times and that it had been out of service for at least 125 days. Specifically, the complaint alleges claims for breach of contract, revocation of acceptance, violation of Michigan's Motor Vehicle Service and Repair Act, violation of Michigan's Consumer Protection Act, breach of written warranty under Magnuson–Moss Warranty Act, breach of implied warranty under Magnuson–Moss, breach of express warranty, and breach of implied warranty of merchantability.

Defendants removed the action to this Court on May 28, 2004. This Court's subject matter jurisdiction is based on Plaintiff's Magnuson–Moss Warranty claims.

On September 8, 2004, this Court granted Defendant Lloyd Bridges' motion seeking summary judgment in its favor on Plaintiff's warranty claims brought under both federal and state law, finding that Lloyd Bridges had effectively disclaimed any and all warranties.

This matter is now before the Court on Defendant Lloyd Bridges' motion seeking summary judgment in its favor on Plaintiff's remaining claims against it; i.e., breach of contract, revocation of acceptance, violation of the Michigan Consumer Protection Act, and violation of Michigan's Motor Vehicle Service and Repair Act.

## II. Standard for Summary Judgment

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56©. The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Rule 56© mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The moving party bears the initial burden of showing the absence of a genuine

issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The non-moving party may not rest upon its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. Rather, there must be evidence on which the jury could reasonably find for the non-moving party. *Hopson v. DaimlerChrysler Corp.,* 306 F.3d 427, 432 (6th Cir.2002).

## III. Analysis

### A. Revocation of Acceptance

Count IV of Plaintiff's complaint alleges a claim for revocation of his acceptance of the Jayco RV because it fails to conform to the terms of his sales agreement. This issue is governed by Michigan's Uniform Commercial Code for the sale of goods, Mich. Comp. Laws §§ 440.2101, *et seq.* Under Michigan law, revocation of acceptance of a good is stated in Mich. Comp. Laws § 440.2608 and provides:

(1) The buyer may revoke his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to him if he has accepted it

(a) on the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured; or

(b) without discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.

(2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.

(3) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them.

Mich. Comp. Laws § 440.2608 (West 1994).

■ Lloyd Bridges argues that, because it has effectively disclaimed all warranties and Plaintiff accepted the RV "as is," Plaintiff cannot revoke his acceptance of the RV for not conforming to the terms of his purchase agreement. This Court agrees.

The vast majority of courts examining this issue have rejected arguments similar to those raised by Plaintiff here and have consistently held that "if the only relevant language in the agreement as to quality has been effectively disclaimed, no nonconformity in the goods sufficient for revocation can exist." *Parsley v. Monaco Coach Corp.,* 327 F.Supp.2d 797, 803 (W.D.Mich. 2004) (Bell, J.) (internal quotes and citation omitted); *Ducharme v. A & S RV Center, Inc.,* 321 F.Supp.2d 843, 855–56 (E.D.Mich. 2004) (Cohn, J.); *Watson v. Damon Corp.,* No. 1:02–CV–584, 2002 WL 32059736 (W.D.Mich. Dec.17, 2002) (Quist, J.); *Kelmar v. Mid–Michigan Freightliner, Inc.,* No. 235899, 2003 WL 22683443 (Mich.Ct. App. Nov.3, 2003) (affirming the trial court's dismissal of the plaintiff's claim seeking to revoke, pursuant to MCL § 440.2608(1)(a), a purchase agreement for

a heavy duty truck because "the sales contract does not express any warranties regarding the truck," and thus concluding that "even in its faulty state the truck conformed to the contract" and that "[w]ithout a non-conformity, the buyer may not revoke").

As observed by the district court in *Watson,* both commentators and the courts approach the issue of revocation of acceptance presented here by first examining the parties' sales contract to see if all warranties were disclaimed and if the goods were sold "as is." To illustrate this point, the court noted that commentators "analyzing statutes like M.C.L. § 440.2608, which are based also on U.C.C. § 2–608," reason that:

> "A determination of the existence or non-existence of a nonconformity requires reference to the terms of the contract, including the law of warranty . . . . the courts do not look with favor on disclaimers that purport to disclaim responsibility for what the seller has in essence agreed to sell. But if the only relevant language in the agreement as to quality has been effectively disclaimed, no nonconformity in the goods sufficient for revocation can exist. If the goods are sold 'as is,' comment 7 of 2–316 states the 'buyer takes the entire risk as to the quality of the goods.'"

*Watson,* 2002 WL 32059736, at \*7 (quoting 1 James J. White & Robert S. Summers, Uniform Commercial Code § 8–4) (4th ed. 1995 & Supp.2002) (footnotes omitted) and citing Barkley Clark & Christopher Smith, *The Law of Product Warranties* ¶ 7.03[4] (1984) ("[R]evocation is a remedy for breach of warranty, and when the seller effectively disclaims warranty liability, there is no longer a right for which revocation can serve as a remedy.").

"This principle is also firmly established in the case law of jurisdictions with statutes similar to M.C.L. § 440.2608." *Watson,* 2002 WL 32059736, \*7 (citing *Schneider v. Miller,* 73 Ohio App.3d 335, 338–39, 597 N.E.2d 175, 177–78 (1991) (finding that "as is" clause bars rescission since buyer "takes the entire risk of quality of the goods involved") (emphasis in original); *Clark v. Ford Motor Co.,* 46 Or.App. 521, 527, 612 P.2d 316, 319 (1980) (holding that a buyer may not revoke acceptance as to the dealer where the dealer has disclaimed all warranties and the buyer in fact got the vehicle bargained for thus there was no nonconformity); *accord Crume v. Ford Motor Co.,* 60 Or.App. 224, 227–28, 653 P.2d 564, 566–67 (1982) (rejecting a result oriented approach to uphold disclaimer of warranties and thus no revocation)).

In light of this authority, the *Watson* court concluded, under facts substantially similar to those presented here, that, because the motor home seller had "effectively disclaimed all warranties in its Contract," the purchasers had "waived their right to revoke." *Id.* It went on to observe, however, that purchasers were not without a remedy because they could still pursue warranty claims against the manufacturers of the chassis and home portion of their motor home. *Id.*

The same analysis applies here. This Court has already determined that Defendant Lloyd Bridges effectively disclaimed all warranties and sold the subject RV to Plaintiff "as is." Accordingly, Lloyd Bridges is entitled to summary judgment on Plaintiff's revocation claim. Plaintiff is not without a remedy as he may pursue his various warranty-related claims against those Defendants that granted warranties.

Plaintiff's reliance on *Rokicsak v. Colony Marine Sales and Service, Inc.,* 219 F.Supp.2d 810 (E.D.Mich.2002), and *Head v. Phillips Camper Sales & Rental, Inc.,* 234 Mich.App. 94, 593 N.W.2d 595 (1999),

for a contrary result is misplaced. In *Rokicsak,* the court dismissed the plaintiff's revocation of acceptance claim as untimely. Accordingly, the *dicta* Plaintiff relies on does nothing to advance its revocation argument. Likewise, the decision in *Head* does nothing to advance Plaintiff's argument. In *Head,* the Michigan Court of Appeals addressed "the effect of a seller's attempts to repair where the buyer revokes acceptance", not whether the seller's effective disclaimer of all warranties precludes the buyer's ability to revoke acceptance.

### B. Breach of Contract

Defendant Lloyd Bridges next argues that Plaintiff's breach of contract claim against it must be dismissed because Plaintiff fails to identify any contract term that it has breached. Lloyd Bridges is correct. Plaintiff's complaint alleges only that warranty claims were breached. (Compl. ¶¶ 11, 12, 13.) As discussed above, Defendant Lloyd Bridges effectively disclaimed all warranties and Plaintiff agreed to purchase his RV from Lloyd Bridges "as is." Accordingly, Lloyd Bridges cannot be held liable for any alleged breach of warranty claims not provided in its contract with Plaintiff.

### C. Michigan Consumer Protection Act

■ Plaintiff's complaint also alleges that Defendants violated the Michigan Consumer Protection Act ("MCPA"), Mich. Comp. Laws §§ 445.901, *et seq.,* when they made representations about their warranties and/or the standard, quality, characteristics, and uses of Plaintiff's RV. (Compl. ¶¶ 14–17.) Defendant Lloyd Bridges argues that, because it effectively disclaimed all warranties and Plaintiff's deposition testimony reveals that he understood that he was purchasing the RV from Lloyd Bridges "as is" (Pl.'s Dep. at 26–27, 38) and further reveals that his MCPA claims all relate to his warranty claims (Pl.'s Dep. at 163–176), Plaintiff's MCPA claims against it should be dismissed. This Court agrees.

This result is consistent with that reached by courts considering this same issue and holding that a vehicle purchaser cannot assert a claim against the seller alleging a violation of the MCPA based on warranty-related representations when the seller made no express or implied warranties. *See Ducharme,* 321 F.Supp.2d at 856; *Watson,* 2002 WL 32059736, * 8; *Marshall v. Meade Group, Inc.,* No. 224815, 2002 WL 44232, at *1 (Mich.Ct. App. Jan.11, 2002) (per curiam). *See also Parsley,* 327 F.Supp.2d at 808 (allowing Plaintiff to amend his complaint but observing that "because this Court is entering summary judgment in favor of [seller] on Plaintiffs' breach of express and implied warranties and revocation, many of Plaintiffs' MCPA claims against [seller] that are based on these claims will also fail."); *Pitts v. Monaco Coach Corp.,* 330 F.Supp.2d 918, 929 (W.D.Mich.2004) (same).

Because Plaintiff's warranty, revocation, and breach of contract claims against Defendant Lloyd Bridges are being dismissed, it would be futile for Plaintiff to file an amended MCPA claim premised on Lloyd Bridges' alleged breach of any warranties or alleged breach of Plaintiff's "as is" purchase agreement. Moreover, because Lloyd Bridges is no longer pursuing arbitration (*see* Def.'s Mot. ¶ 3), an amended MCPA claim based on Lloyd Bridges pursuit of arbitration would also be futile.

### D. Motor Vehicle Service and Repair Act

Count VIII of Plaintiff's Complaint alleges that Defendant Lloyd Bridges violated Michigan's Motor Vehicle Service and

Repair Act, Mich. Comp. Laws §§ 257.1301, *et seq.* Lloyd Bridges seeks summary judgment on this claim as well.

 Lloyd Bridges correctly observes that the Act's definition of "motor vehicle" expressly excludes "the dwelling or sleeping portions of a motor home, trailer, or any recreational vehicle having similar facilities which are not directly connected with the drive mechanism of the vehicle or other areas of repair which would require certification of motor vehicle mechanics as specified in this act or rules promulgated pursuant to this act." Mich. Comp. Laws § 257.1302(d). Lloyd Bridges then argues that, because the only repairs it performed were on the dwelling portion of Plaintiff's motor home, this claim against it should also be dismissed. The Court agrees with Defendant.

Despite Plaintiff's claim to the contrary, the evidence presented does not show that Defendant Lloyd Bridges is authorized to or performed any chassis-related repairs on his RV. (Pl.'s Ex. B, Def.'s Ex. 2.)

## IV. Conclusion

For the above-stated reasons, Defendant Lloyd Bridges' motion for summary judgment is GRANTED, and Plaintiff's claims against this Defendant are dismissed.