LUMBER MUTUAL INSURANCE COMPANY v CLARKLIFT OF DETROIT, INC

Docket No. 191457. Submitted February 11, 1997, at Lansing. Decided July 25, 1997, at 9:40 A.M.

Lumber Mutual Insurance Company, as subrogee of Heart Truss & Engineering Corporation, brought an action in the Ingham Circuit Court against Clarklift of Detroit, Inc., alleging breach of warranty relating to a forklift sold by the defendant to Heart Truss. The court, Michael G. Harrison, J., granted summary disposition for the defendant, ruling that implied warranties of merchantability and fitness were effectively waived with statements in the defendant's work order and invoice that the forklift was sold "as is." The plaintiff appealed.

The Court of Appeals *held*:

Warranties of merchantability and fitness for a particular purpose are implied in contracts for the sale of goods, Uniform Commercial Code, §§ 2-314, 2-315, MCL 440.2314, 440.2315; MSA 19.2314, 19.2315, but are effectively disclaimed with expressions like "as is," "with all faults," or other language that in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty, UCC, § 2-316, MCL 440.2316, MSA 19.2316. A disclaimer must be by conspicuous language such that the buyer should have noticed, UCC, § 1-201(10), MCL 440.1201(10); MSA 19.1201(10), or under circumstances that protect the buyer from surprise. Here, the "as is" disclaimer in both the work order and the invoice was in a form that a reasonable person would have noticed.

Affirmed.

SALES — IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS — "AS IS" DISCLAIMERS.

Implied warranties of merchantability and fitness for a particular purpose may be disclaimed with an expression that the sale is "as is"; such a disclaimer must be conspicuous, i.e., in language that the buyer should have noticed or under circumstances that protect the buyer from surprise (MCL 440.1201[10], 440.2314, 440.2315, 440.2316; MSA 19.1201[10], 19.2314, 19.2315, 19.2316).

*Morrison, Mahoney & Miller* (by *Jeffrey R. Learned* and *Michele A. Chapnick*), for the plaintiff.

*Foster, Swift, Collins & Smith, P.C.* (by *John L. Collins*), for the defendant.

Before: MacKenzie, P.J., and Holbrook, Jr., and T. P. Pickard* , JJ.

Per Curiam. In this breach of warranty action, plaintiff appeals as of right from the circuit court's order granting defendant summary disposition pursuant to MCR 2.116(C)(10). We affirm.

In 1992, defendant leased a used forklift to Heart Truss & Engineering Corporation for three months, after which Heart Truss bought the forklift from defendant. Both the work order for the sale and the purchase invoice contained the language: "WARRANTY: AS IS, NO WARRANTY."

A couple of months after the sale, the forklift malfunctioned, resulting in two fires at Heart Truss' factory. Heart Truss filed a claim under its fire insurance policy with plaintiff-insurer, which reimbursed Heart Truss for its losses. Plaintiff then brought this subrogation action against defendant, alleging, among other things, breach of implied warranties. Defendant moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that the disclaimer on the work order and the invoice operated to disclaim any warranties on the forklift. The trial court held that defendant had effectively disclaimed all implied warranties. Plaintiff now brings this appeal.

---

* Circuit judge, sitting on the court of appeals by assignment.

The question presented is whether defendant effectively disclaimed all implied warranties with the "as is" clause in the purchase order and invoice. We hold that, under these facts, the disclaimer was effective.

Every contract for the sale of goods under Article 2 of the Uniform Commercial Code includes implied warranties of merchantability and fitness for a particular purpose. MCL 440.2314, 440.2315; MSA 19.2314, 19.2315. Because implied warranty disclaimers are generally disfavored by the courts, such disclaimers must be conspicuous in order to be effective against the purchaser. MCL 440.2316; MSA 19.2316. Section 2-316 of the UCC provides, in pertinent part:

> (2) Subject to subsection (3), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that "There are no warranties which extend beyond the description on the face hereof."
>
> (3) Notwithstanding subsection (2);
>
> (a) unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like "as is", "with all faults" or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty.

Defendant argues that the plain language of the statute does not require the "as is" clause to be conspicuous. While no Michigan appellate court has addressed this precise issue, other jurisdictions governed by the UCC have considered it, resulting in a split of opinion:

While the [conspicuousness] requirement clearly applies to a written modification or exclusion specifically directed to the implied warranties of merchantability and fitness, it is noteworthy that § 2-316(3)(a), which is prefaced by the phrase "notwithstanding subsection (2)," does not mention the concept of conspicuousness in providing that "all implied warranties are excluded by expressions like 'as is,' 'with all faults,' or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty." Regarding this omission as meaningful, some courts have concluded that a written disclaimer framed in language satisfying § 2-316(3)(a) standards need not be conspicuous in order to eliminate the implied warranties of merchantability and fitness. Other courts, however, have recognized that notwithstanding § 2-316(3)(a), written words of disclaimer like "as is" cannot effectively exclude the implied warranties of merchantability and fitness unless they satisfy the § 2-316(2) requirement of conspicuousness. [Anno: *Construction and effect of UCC § 2.316(2) providing that implied warranty disclaimer must be "conspicuous,"* 73 ALR3d 248, § 2[a], p 254.]

We find the rationale of the latter courts to be persuasive. In *Osborne v Genevie*, 289 So 2d 21, 22 (Fla App, 1974), the court held that disclaimers as described in § 2-316(3)(a) must be conspicuous, reasoning as follows:

[W]e fail to see why the draftsmen of the Uniform Commercial Code would have felt that language such as "there are no warranties which extend beyond the description on the face hereof" had to be conspicuous in order to be effective, and yet were willing to accept words such as "as is" or "with all faults" as valid disclaimers when these expressions were not conspicuous. While the man on the street might more nearly comprehend the legal effect of "as is" than a repudiation of warranties, it makes no difference if he doesn't see the provision in the first place.

Similarly, in *Gindy Mfg Corp v Cardinale Trucking Corp*, 111 NJ Super 383, 395-396; 268 A2d 345 (1970), the New Jersey Superior Court held:

> It appears desirable to read into section 2-316(3) the requirement of conspicuousness when the attempted disclaimer is in writing. This would avoid surprise to a buyer and fulfill a fundamental purpose of the Code. . . .
>
> It does not make sense to require conspicuous language when a warranty is disclaimed by use of the words "merchantability" or "fitness" and not when a term like "as is" is used to accomplish the same result. It serves no intelligible design to protect buyers by conspicuous language when the term "merchantability" is used, but to allow an effective disclaimer when the term "as is" is buried in fine print. Nor does it make sense to require conspicuous language to disclaim the implied warranties of merchantability and fitness and not impose a similar requirement to disclaim other implied warranties that arise by course of dealing or usage of trade. The expectations of the buyer need as much protection in one case as in another. My preference, therefore, is to find that there is a requirement of conspicuousness when terms like "as is" are used to exclude an implied warranty of merchantability or fitness. It seems reasonable to say that to avoid these implied warranties the requirements of subsection (2) must be met, except that expressions like "as is" will be given effect in addition to the expressions specified in subsection (2).

See also 73 ALR3d 248, *supra* at § 4[a], pp 264-268. Given the persuasive reasoning above, and the fact that the authors of the UCC have stated that § 2-316 was designed to protect the buyer from unfair surprise, see Official Comment 1 to § 2-316, we hold that warranty disclaimers as described by MCL 440.2316(3)(a); MSA 19.2316(3)(a) must be conspicuous.

Turning to the facts of this case, we first look to the definition of "conspicuous" in § 1-201(10) of the UCC:

A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals (as: non-negotiable bill of lading) is conspicuous. Language in the body of a form is "conspicuous" if it is in larger or other contrasting type or color. But in a telegram any stated term is "conspicuous". Whether a term or clause is "conspicuous" or not is for decision by the court. [MCL 440.1201(10); MSA 19.1201(10).]

Plaintiff correctly notes that defendant's warranty disclaimer in the purchase invoice was of a similar type as the rest of the document. Our analysis, however, must go further. While the text of § 2-316(2) offers no exception to the rule of conspicuousness, Official Comment 1 indicates that there may be situations in which a warranty disclaimer will be enforced notwithstanding the lack of conspicuous language as defined in § 1-201(10). Specifically, the comment provides that § 2-316 permits the exclusion of implied warranties "only by conspicuous language *or other circumstances which protect the buyer from surprise.*" Some courts, relying on this comment, have recognized that even an inconspicuous disclaimer will be given effect where "other circumstances" exist to protect the buyer from surprise. See 73 ALR3d 248, *supra* at § 5[a], pp 272-273. Thus, in determining as a matter of law the effectiveness of a warranty disclaimer, we hold that the primary focus is on whether a reasonable person ought to have noticed it, taking into account the guideline language of § 1-201(10), as well as any other circumstances that protect the

buyer from surprise. See *Krupp PM Engineering, Inc v Honeywell, Inc,* 209 Mich App 104, 108; 530 NW2d 146 (1995). See also 73 ALR3d 248, *supra* at § 8[a], pp 278-282.

Here, even though the "as is" disclaimer language in the invoice was the same size and style as the other language in the document, we find it significant that Heart Truss was a sophisticated buyer and that the purchase invoice as a whole contained an abbreviated listing of product information in capital letters, among which was the "as is" disclaimer language.[1] See *Fargo Machine & Tool Co v Kearney & Trecker Corp,* 428 F Supp 364 (ED Mich, 1977). The disclaimer was located on the front of the invoice, not buried in a lengthy document or in fine print. Also, the earlier handwritten work order contained the same disclaimer language set off by itself at the bottom of the document. Thus, we agree with the trial court that, between the two documents, a reasonable person should have noticed the "as is" disclaimer.

---

[1] The body of the purchase invoice stated as follows:
MAKE: CLARK
MODEL: GPX-20
SERIAL: 874-7600
STOCK NO: U-3984-0
BASIC CAPACITY: 4000 lbs
FUEL: LP
TRANSMISSION: AUTOMATIC
UP RIGHT TYPE: TSU
MAXIMUM FORK HEIGHT: 188"
LOWERED HEIGHT: 85"
FORK LENGTH: 42"
DRIVER'S OVERHEAD GUARD
LOAD BACK REST
WARRANTY: AS-IS, NO WARRANTY

Accordingly, summary disposition was properly granted.

Affirmed.