*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BABATUNDE SADARE,

        Plaintiff-Appellant,

v

ZEIGLER MOTORS-GRANDVILLE, LLC, and
MASERATI NORTH AMERICA, INC.,

        Defendants-Appellees.

UNPUBLISHED
January 7, 2021

No. 352002
Kent Circuit Court
LC No. 18-006555-NZ

Before: BOONSTRA, P.J., and GADOLA and TUKEL, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's stipulated order dismissing his claims against defendants Zeigler Motors-Grandville, LLC (Zeigler), and Maserati North America, Inc. (MNA, and referred to with Zeigler as "defendants"). On appeal, plaintiff challenges the trial court's order granting summary disposition to defendants. We affirm, but remand for further proceedings consistent with this opinion.

## I. UNDERLYING FACTS

Plaintiff purchased a Maserati Ghibli from defendants in October 2013. Plaintiff's vehicle was delivered in May 2014 and, he alleges, he immediately began having problems with it. Specifically, when plaintiff drove his vehicle on the highway a transmission warning statement would appear instructing plaintiff to pull over and turn his vehicle off. Plaintiff claims that he brought his vehicle to a dealership the first weekend he had it because of this problem, but he has not provided any documentation to support that assertion. Plaintiff and defendants agree, however, that plaintiff repeatedly brought his vehicle to Zeigler for repairs. Many of these repairs were for Zeigler to determine what was causing the transmission warning statement and check engine lights to appear when plaintiff drove his vehicle, but other repairs were for unrelated recalls that are not at issue on appeal. Plaintiff was so concerned about the transmission warning statement and check engine lights that he alleges that he eventually stopped driving his vehicle and, as of November 2018, plaintiff's vehicle had only been driven about 5,700 miles.

Relevant to this appeal, in September 2014 and again in December 2014, plaintiff brought his vehicle to Zeigler so it could determine what caused the transmission warning statement and check engine lights to appear. Zeigler was unable to determine what was causing the problem. Then, in August 2015, 15 months after plaintiff received his vehicle, plaintiff contacted MNA and requested that it buy back his vehicle because he no longer wanted it due to the large number of issues with the vehicle. MNA declined plaintiff's request to repurchase his vehicle. Plaintiff's problems with his vehicle persisted and he repeatedly brought it to Zeigler for repairs, but Zeigler has never been able to determine what caused the transmission warning statement and check engine lights to appear.

Plaintiff eventually filed a four-count complaint in July 2018 asserting (1) breach of warranty (both express and implied) (Count I); (2) violation of the Magnuson-Moss Warranty Act (MMWA), 15 USC 2301, *et seq.* (Count II); (3) violation of the Michigan Consumer Protection Act (MCPA), MCL 445.901, *et seq.*; and (4) conversion (Count IV).[1] Defendants denied plaintiff's allegations and moved for summary disposition. With regard to the warranty claims, defendants argued that they had promptly repaired all known defects without charge, and that plaintiff could not establish that his vehicle was defective when it left defendants' care and that he failed to establish a verifiable defect with his vehicle. Defendants further argued that plaintiff's MMWA claim fell with his state law warranty claims, and that there was no evidence of unfair or deceptive conduct as is required for a claim under the MCPA.[2] Defendants requested that all counts of plaintiff's complaint be dismissed. Plaintiff responded by arguing that his vehicle's persistent transmission warning statements and check engine lights caused plaintiff to lose faith in his vehicle and amounted to a breach of the vehicle's express and implied warranties. He further argued that the breach of an express or implied warranty also constitutes a violation of the MMWA, that the breach of an implied warranty constitutes a violation of the MCPA, and that the conversion count was not moot. Following a motion hearing, the trial court granted summary disposition in favor of defendants on Counts I, II, and III of plaintiff's complaint.[3] This appeal followed.

---

[1] In the general allegations of his complaint, plaintiff also alleged that he was "entitled to revoke his acceptance under MCL 440.2608," and that he had "notified Defendants that he revoked his acceptance and rescinded the transaction" and that he was therefore "entitled to the return of his purchase price and consequential damages." Plaintiff did not, however, assert such a claim for revocation of acceptance or rescission as a separate count in his complaint.

[2] Defendants also requested summary disposition on plaintiff's conversion claim, arguing that the claim was moot because defendants had offered as a good will gesture to give plaintiff four winter tires.

[3] The trial court initially denied defendants' motion for summary disposition as to Count IV of plaintiff's complaint (conversion). The conversion count was subsequently dismissed by stipulated order, which the trial court then characterized as "a final Order that resolves all pending claims and closes the above-entitled case."

## II. STANDARD OF REVIEW

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a complaint and is reviewed de novo. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 205-206; 815 NW2d 412 (2012). This Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). Summary disposition "is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id*. "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). "Only the substantively admissible evidence actually proffered may be considered." *1300 LaFayette East Coop, Inc v Savoy*, 284 Mich App 522, 525; 773 NW2d 57 (2009) (quotation marks and citation omitted). "Circumstantial evidence can be sufficient to establish a genuine issue of material fact, but mere conjecture or speculation is insufficient." *McNeill-Marks v Midmichigan Med Ctr-Gratiot*, 316 Mich App 1, 16; 891 NW2d 528 (2016).

The moving party has the initial burden to support its claim with documentary evidence, but once the moving party has met this burden, the burden then shifts to the nonmoving party to establish that a genuine issue of material fact exists. *AFSCME v Detroit*, 267 Mich App 255, 261; 704 NW2d 712 (2005). Additionally, if the moving party asserts that the nonmovant lacks evidence to support an essential element of one of his or her claims, the burden shifts to the nonmovant to present such evidence. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 7; 890 NW2d 344 (2016).

## III. SUMMARY DISPOSITION

The trial court did not err by granting summary disposition in favor of defendants. Indeed, plaintiff makes no argument on appeal with regard to the express warranty, MMWA, or MCPA claims. Any such argument is therefore abandoned. See *Cheesman v Williams*, 311 Mich App 147, 161; 874 NW2d 385 (2015) ("An appellant may not merely announce a position then leave it to this Court to discover and rationalize the basis for the appellant's claims; nor may an appellant give an issue only cursory treatment with little or no citation of authority.").

The trial court also did not err by granting summary disposition in favor of defendants on plaintiff's implied warranty claim. "To establish a prima facie case of breach of implied warranty, a plaintiff must show that goods were defective when they left the possession of the manufacturer or seller." *Id.* at 122 (quotation marks, brackets, and citation omitted). In general, "[e]very contract for the sale of goods under Article 2 of the Uniform Commercial Code includes implied

warranties of merchantability and fitness for a particular purpose."[4] *Lumber Mut Ins Co v Clarklift of Detroit, Inc*, 224 Mich App 737, 739; 569 NW2d 681 (1997).

The warranty of merchantability requires that the goods sold be of average quality within the industry." *Computer Network, Inc v AM Gen Corp*, 265 Mich App 309, 316; 696 NW2d 49 (2005) (citation omitted). "[A] defect is established by proof that a product is not reasonably fit for its intended, anticipated or reasonably foreseeable use." *Id.*, 265 Mich App at 316-317. Indeed, "[m]erchantable is not a synonym for perfect;" rather "[t]he warranty of merchantability is that goods are of average quality in the industry." *Id.* at 317. "As to goods accepted, the burden is on the buyer to establish any claimed breach of warranty." *Id.* Finally, "a plaintiff pursuing a claim of breach of implied warranty is not required to identify the precise defect in the product unless there are multiple actors to whom a malfunction could be attributed." *Kenkel v Stanley Works*, 256 Mich App 548, 557; 665 NW2d 490 (2003).

However, "[i]f an express warranty is provided, it controls over the implied warranty of merchantability . . . ." *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 121; 839 NW2d 223 (2013); MCL 440.2317(c). In this case, Zeigler sold plaintiff his vehicle with an express warranty that it would repair or replace "such parts as shall be actually defective and adjustments necessitated by such replacement or repair." As such, this express warranty controls over the implied warranty of merchantability, *Gorman*, 302 Mich App at 121, and summary disposition was therefore properly granted.

## IV. REVOCATION OF ACCEPTANCE

Frustrating to this Court is the fact that plaintiff's brief on appeal is structured not to address the trial court's summary disposition order in relation to the counts of plaintiff's complaint (as the trial court naturally did), but instead, and outside of that logical context, posits the following as its statement of questions involved:

1. Did the plaintiff's evidence of recurrent warning messages and numerous recalls create a factual issue as to whether plaintiff was entitled to revoke his acceptance or rescind the sale based on shaken faith?
2. Did the plaintiff's evidence of recurrent warning messages constitute a noncomformity that substantially impaired the value of the vehicle to the plaintiff?

These questions appear to derive from plaintiff's contention, as was generally alleged in (albeit not in a separate count of) his complaint, that he was "entitled to revoke his acceptance under MCL 440.2608," and that he had "notified Defendants that he revoked his acceptance and rescinded the transaction" and that he was therefore "entitled to the return of his purchase price and consequential damages." Yet, plaintiff has hopelessly muddled the issues, both in the trial

---

[4] Plaintiff does not argue on appeal that defendants breached the implied warranty of fitness for a particular purpose. Any such argument is therefore abandoned. See *Cheesman*, 311 Mich App at 161.

court and on appeal, by failing to plead revocation of acceptance as a stand-alone count of his complaint,[5] and by instead confusingly addressing the issue in the context of his warranty claims.

Not surprisingly, the trial court therefore also addressed these issues in the context of plaintiff's warranty claims. And, as discussed, we affirm the trial court's summary disposition on the warranty claims. What remains unclear, in our judgment, is whether plaintiff properly alleged an independent cause of action for revocation of acceptance and, if so, whether plaintiff properly revoked his acceptance.

Defendants argue that plaintiff failed to adequately allege revocation of acceptance in his complaint because it was not listed as an independent cause of action. Yet, "[i]t is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Adams v Adams*, 276 Mich App 704, 710-711; 742 NW2d 399 (2007).

Because plaintiff did not plead revocation of acceptance as a separate count of his complaint, and because defendants' motion for summary disposition unsurprisingly addressed the counts that were pled, the trial court did not address revocation of acceptance as a separate claim. Under these circumstances, and notwithstanding our affirmance of the trial court's order granting summary disposition on Counts I, II, and III of plaintiff's complaint, we conclude that the proper course of action is for this Court to remand this matter to the trial court for further proceedings and for it to determine in the first instance (1) whether plaintiff has properly alleged a cognizable cause of action for revocation of acceptance under MCL 440.2608;[6] (2) if not, whether it should grant plaintiff leave to amend its complaint for purposes of alleging such a claim; (3) but if so, or in the

---

[5] Defendants argue that revocation of acceptance is a distinct cause of action, not an element of a breach of warranty claim.

[6] MCL 440.2608 is part of article 2 of the UCC, which addresses the sale of goods. See MCL 440.2101 (defining the scope of Article 2 of the UCC). It governs revocation of acceptance and provides:

(1) The buyer may revoke his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to him if he has accepted it

(a) on the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured; or

(b) without discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.

(2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.

(3) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them.

event that such leave to amend is granted, whether plaintiff properly revoked his acceptance of the vehicle.

## V.  CONCLUSION

For the reasons stated, we affirm the trial court's order granting summary disposition in favor of defendants on plaintiff's implied warranty, MMWA, and MCPA claims, and we remand to the trial court for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Michael F. Gadola
/s/ Jonathan Tukel